## UNION INVESTORS, INC. *v.* MONTGOMERY COUNTY, MARYLAND, AND HUNEKE

[No. 542, September Term, 1965.]

---

**2.** Maryland Rule 18 c. *Southwestern Mines, Inc. v. P. & J. Coal Company,* 244 Md. 180, 223 A. 2d 162 (1966) and the cases therein cited.

586

*Decided December 7, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*Robert A. Wallace* for appellant.

*Robert H. Metz, Assistant County Attorney,* with whom were *Robert G. Tobin, Jr., County Attorney* and *Douglas H. Moore, Jr., Deputy County Attorney,* on the brief, for Montgomery County, Maryland, part of appellees; and *James Michael Bailey* for Eleanor C. Huneke, other appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

The Montgomery County Council, pursuant to statutory authority, decided to dispose of some unimproved surplus land, and offered it for bids. The appellant, Union Investors, Inc., and the appellee, Eleanor C. Huneke, submitted bids, of which Mrs. Huneke's bid of $6 a square foot was the higher. The Council then published notice it had accepted the Huneke bid and that any objections to the sale must be received by a certain date. The appellant filed a written objection, based on the fact that it had authorized its agent to make a bid higher than the successful one, but that the agent, in violation of the appellant's instructions, had made a bid less than $6, and that the appellant was willing to pay $7 a square foot. The Council, through its attorney, notified the appellant that its objection was not valid, and consummated the sale to Mrs. Huneke. The appellant then filed a bill in the Circuit Court for Montgomery County to declare the sale illegal, on the grounds that the statutory requirement for giving opportunity for objections to the sale impliedly gave the right to a hearing in support of the objections; that it was entitled to a hearing as a matter of due process of law; and that the price was not fair and reasonable. Judge Mathias dismissed the bill. We agree with his decision.

The basic misconception in the appellant's argument is that the proceedings under which the Council sold its land were adversary in nature. They were not. The Council, under authority of the Legislature, was disposing of surplus property. The appellant, which owned land contiguous to the lot to be disposed of, was a prospective purchaser, but it had no rights of any kind which the proceedings affected. The Council, under legislative authority, was acting in a legislative (or quasi-sovereign) capacity in the sale of its property. The proceedings were not even remotely quasi-judicial in nature.

The fundamental distinction between administrative proceedings which are quasi-legislative in nature and those which are quasi-judicial, or adversary, has often been considered by this Court. Chief Judge Prescott, for the Court, reviewed the basic distinction and the consequent difference in the legal principles applicable to the review of the administrative action in *Hyson v. Montgomery County,* 242 Md. 55, 63-67, 217 A. 2d 578 (1966). Where the action is quasi-judicial in nature, the fundamentals of due process apply, and a hearing, however informal, is a basic requirement of that process. *Hyson, supra,* and authorities therein cited, and *Travelers Indemnity Co. v. Nationwide Constr. Corp.,* 244 Md. 401, 224 A. 2d 285 (1966). But where, as in the case before us, the action is quasi-legislative in nature, the concepts applicable to an adversary proceeding have no relevance. *Hyson,* at 242 Md. 65, and cases therein cited.

Code (1957), Article 25 A, Section 5 (B), authorizes Charter Counties, of which Montgomery County is one, to dispose of surplus real estate after advertisement stating the time of the proposed sale and "giving opportunity for objections thereto." The appellant argues that the section impliedly requires that an objector be given the opportunity to present argument and evidence before the Council to substantiate his objection. This argument rests on the erroneous assumption that the proceeding is adversary in nature. This Court has held that when the proceeding is legislative and the governing statute does not provide for a hearing, a hearing is not a legal requisite, even though hearings are provided for in adversary proceedings under other sections of the same law. *Albert v. Public Service Comm'n,*

209 Md. 27, 120 A. 2d 346 (1956). In *Albert,* the distinction made in the statute was between the action of the Public Service Commission in acting upon applications for permits to operate taxicabs, as to which no hearing was required, and proceedings for the suspension or revocation of a permit, where hearings were required. For discussions of the distinction, see *Hyson,* at 242 Md. 65, and Cohen, *Some Aspects of Maryland Administrative Law,* 24 Md. L. Rev. 1, 11 (1964). See also *Mandel v. Board of County Comm'rs,* 238 Md. 208, 216-17, 208 A. 2d 710 (1965), and cases therein cited.

In the case before us, the appellant gave as the ground for its objection that its agent had violated the appellant's instructions in not submitting a higher bid, and that the appellant was willing to pay more than the higher, accepted bid. No hearing was necessary for the Council's determination that the objection was without legal force; the statute required no hearing on the objection and none was required as a matter of constitutional law. The appellant had no property or other legal interests adversely affected by the proceedings; its complaint was based on no higher legal ground than the alleged dereliction of its agent, which was not the concern of the Council, and its disappointment in the result.

In support of its contention that denial of a hearing before the Council constituted a violation of Article 23 of the Maryland Bill of Rights and the Fourteenth Amendment to the Federal Constitution, the appellant cites *Londoner v. City and County of Denver,* 210 U. S. 373 (1908). In that case, the owners of land assessed for the cost of paving a street upon which the land abutted were held entitled, as a matter of due process, to notice and an opportunity to be heard, even though the opportunity to file written objections had been given. The basic fact in *Londoner* was that the landowners were interested parties whose properties were directly affected by the proceedings. The situation in *Londoner* is the converse of that presented in the case before us. All of the decisions from other state courts cited by the appellant were also adversary in nature, where existing legal interests of the parties held entitled to a hearing were involved by taxes, assessments or otherwise. The cases are not apposite.

590

The appellant's contention that the price obtained by the Council for its surplus land was not fair and reasonable was not made in its written objection and was unsupported by evidence. As Judge Mathias pointed out in his opinion, the appellant itself, having offered only $5.25 a square foot in its bid, "can hardly be heard now to complain that $6.00 is grossly inadequate." There is no suggestion of misconduct or fraud. A sale will not be set aside because of differences of opinion as to the value of the property. *Smart v. Graham, City Comptroller,* 179 Md. 476, 488, 20 A. 2d 574 (1941). A subsequent higher bid received "after one bidder and purchaser has led the way" does not furnish sufficient ground to set aside the sale. *Blank v. Frey,* 165 Md. 647, 650, 170 Atl. 156 (1934). Bidding, like litigation, must have an end.

*Judgment affirmed; costs to be paid by appellant.*