# STATE OF MARYLAND *v.* GREER

[No. 113, September Term, 1971.]

*Decided December 13, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Gary Melick, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and

*Jeffrey R. Werner, Assistant State's Attorney for Montgomery County*, on the brief, for appellant.

No brief filed on behalf of appellee.

DIGGES, J., delivered the opinion of the Court.

This appeal by the State of Maryland is from an ex parte order of the Circuit Court for Montgomery County directing that the Montgomery County Police return to its owner an automobile that they had seized pursuant to Art. 27, § 297 of the Annotated Code of Maryland (1957, 1971 Repl. Vol.). The order was issued by Judge Shure following a petition for release by the car's owner, Bettie Buck Greer, appellee in this case.

The facts of this skirmish are quite simple. John Bruce Greer, son of the appellee, allegedly sold some marijuana to an undercover police agent early in November 1970, with the transaction taking place entirely inside Mrs. Greer's Chevy II. About a month later, on December 9, Bruce Greer was arrested on the basis of this illegal sale and the car he used was seized under the authority of Art. 27, § 297 (a) (4). This subsection in part states that:

> "All conveyances including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of . . . [dangerous drugs are subject to forfeiture]."

At the time of the seizure police found 22 grams of hashish, a purified extract of hemp similar to marijuana, hidden in the car. Following this, on May 11, 1971, but prior to any criminal conviction of her son, Bruce,[1] Mrs. Greer filed a petition in his criminal case for release of

---

1. At the oral argument of this case we were informed that as of that date there had been no final disposition of the criminal charges against John Bruce Greer.

the vehicle and without any notice to the State, County or anyone else, relief was given by the court. From that decision the State appeals claiming the order was void since it had received no notice of the petition and consequently was not afforded an opportunity to contest the granting of that request. We agree, finding error was committed on three fronts.

The first is that the petition here cannot be filed and granted as an adjunct to a criminal case. Forfeiture, unless specifically provided otherwise by statute, is a civil in rem proceeding, separate from any criminal action and it is of little significance whether there is a criminal conviction. *Lilienthal's Tobacco v. United States*, 97 U. S. 237, 24 L. Ed. 901 (1878); *Prince George's County v. Blue Bird Cab Company, Inc.*, 263 Md. 655, 284 A. 2d 203 (1971). In the same vein the innocence of the owner of the vehicle is no defense. *Prince George's County v. Blue Bird, supra. But see United States v. U. S. Coin and Currency*, 401 U. S. 715, 91 S. Ct. 1041, 28 L.Ed.2d 434 (1971).

The second ground whence error springs concerns naming the State of Maryland as the sole respondent in this controversy. Article 27, § 297 (c) provides that: "Property taken or detained under this section shall . . . be deemed to be in the custody of the *person who seized* said property . . ." (emphasis added). This is amplified in § (d) which states: "Whenever property is forfeited under this subheading, the political subdivision in which such property was seized, or, if the property was seized by State authorities, the State may . . ." dispose of it according to the provisions of the statute. Here, the Montgomery County Police seized the car and according to the statute the County, not the State, has custody of that vehicle and authority to control its disposition. Montgomery County therefore is the only necessary party to this action.

Even without these previous discrepancies, and in total agreement with the aphorism "last but not least", it is the third basis for error upon which a vast crevice opens

up and envelops this case. It is one of the cherished ideals of our legal system, mandated by both the Federal and State Constitutions, and in the interests of fundamental fairness, that all parties be afforded due process of law. When the action is judicial in nature as is the matter before us, absent an emergency situation involving public health or safety, the requirements of due process do apply and a hearing following notice is a basic necessity of that process. *Hebron Sav. Bk. v. City of Salisbury,* 259 Md. 294, 269 A. 2d 597 (1970) ; *Jarvis v. Baltimore City,* 248 Md. 528, 237 A. 2d 446 (1968) ; *Burns v. Midland,* 247 Md. 548, 234 A. 2d 162 (1967) ; *Union v. Montgomery County,* 244 Md. 585, 224 A. 2d 453 (1966) ; *Travelers v. Nationwide,* 244 Md. 401, 224 A. 2d 285 (1966). As Judge Oppenheimer, speaking for this Court, said with great clarity in *Burns* at 553 :

> "A basic requirement of due process in any adversary proceeding, whether that proceeding be private litigation or the exercise of governmental power against an individual, is that the person proceeded against be given notice and an adequate opportunity to contest the claim against him."

In this case neither the State, County or any other possibly interested party was given notice upon which this petition could have been challenged. Without such notice, the order that was issued on the basis of that petition clearly violates not only the Fourteenth Amendment of the United States Constitution but also Article 23 of the Maryland Declaration of Rights and is therefore invalid. *Burns v. Midland, supra.*

> *Order reversed without prejudice to any proper party's instituting a new action concerning custody of the automobile. Costs to be paid by appellee.*