## BLAND CALVIN GATEWOOD *v*. STATE OF MARYLAND

[No. 44, September Term, 1971.]

(Upon reconsideration after remand by the Court of Appeals without affirmance or reversal)
*Decided May 16, 1972.*

Submitted on reconsideration to ORTH and POWERS, JJ., and THOMAS J. CURLEY, Associate Judge of the District Court—District 7, specially assigned.

POWERS, J., delivered the opinion of the Court.

Bland Calvin Gatewood was convicted of perjury in a jury trial in the Criminal Court of Baltimore and, on appeal, we affirmed that conviction in an opinion filed November 9, 1971, *Gatewood v. State*, 13 Md. App. 317, 283 A. 2d 193.

Appellant filed a petition in the Court of Appeals of Maryland for a writ of certiorari. By an order dated February 15, 1972, the Court of Appeals granted the petition and remanded the case to this Court, "without affirmance or reversal, for reconsideration in the light of *Gatewood v. State*, No. 172, September Term, 1971, decided January 19, 1972."

We now reconsider our opinion of November 9, 1971.

The perjury of which appellant was convicted occurred during testimony he gave at a hearing held in the Criminal Court of Baltimore for forfeiture of a sum of money taken from his person at the time of his arrest for violation of the lottery laws. He had pleaded guilty to the lottery violation, and the forfeiture hearing was later held on a petition for a show cause order filed in the Criminal Court of Baltimore.

In our previous opinion, we took the view that the forfeiture hearing was cognizable in the Criminal Court following disposition of the criminal charge. We said:

"Appellant says that his conviction for perjury cannot be permitted to stand, because the alleged perjury occurred in a proceeding in which the court had no jurisdiction. He argues that the Criminal Court of Baltimore lacked jurisdiction to hear the petition for forfeiture for two reasons.

\* \* \*

Second, he argues that since the criminal matter was concluded, the only way the State could proceed for a forfeiture would be by a civil *in rem* proceeding, and the Criminal Court of Baltimore had no jurisdiction to try a civil proceeding. Neither of appellant's two attacks on the jurisdiction of the Criminal Court to hear the forfeiture petition has merit. \* \* \* The forfeiture petition is in no way a reopening of the criminal case, but is a subsequent phase of it, civil in form, but in its nature criminal. *Boyd v. United States*, 116 U. S. 616 (1886), *United States v. U. S. Coin & Currency*, 401 U. S. 715 (1971). It is authorized by a special section of the criminal law. Art. 27, § 264. That statute does not require the institution of any separate civil proceeding, but contemplates that the forfeiture proceeding will be a subsequent phase of the same case. It was here conducted under a caption showing the same indictment number as the lottery charge."

In the meantime, Gatewood had undertaken other proceedings which ultimately resulted in his presenting directly to the Court of Appeals the question of the jurisdiction of the Criminal Court of Baltimore to hear and determine the forfeiture proceeding against him. In an opinion filed January 19, 1972, *Gatewood v. State*, 264 Md. 301, 285 A. 2d 623, the Court of Appeals held that the orders of the Criminal Court of Baltimore in connection with the forfeiture were void. The Court said, at pages 304 and 305:

"Very recently we have had the opportunity to discuss in detail the history of property forfeitures in relation to criminal offenses. *Pr. George's Co. v. Blue Bird Cab,* 263 Md. 655, 284 A. 2d 203 (1971) ; *State v. Greer,* 263 Md. 692, 284 A. 2d 233 (1971). In these cases we unequivocally stated that unless otherwise specifically provided by statute, forfeiture is a civil in rem proceeding. In the case before us now, Art. 27, § 264 requires that forfeiture be preceded by a criminal conviction. However, this law does not make forfeiture an adjunct of the criminal case.

\* \* \*

It is conceded by the State that this provision does not explicitly authorize the Criminal Court to hear forfeiture proceedings. However, the appellee argues that unless forfeiture is specifically reserved by statutory mandate for civil courts, then criminal courts have jurisdiction. In light of *Blue Bird* and *Greer* this position is untenable. Here, the Criminal Court of Baltimore, which by constitutional authority is not a civil court (Art. IV, §§ 27 and 30), decided both the criminal action against Gatewood and the forfeiture of the money, a civil question. All the hearings which pertain to the forfeiture conducted in the Criminal Court and any resulting decisions are void since that court lacked proper statutory jurisdiction over the subject matter."

Perjury is defined in Code, Art. 27, § 435, to include common law perjury as well as other acts which at common law constituted the lesser crime of false swearing. In considering an indictment for perjury alleged to have been committed in a habeas corpus hearing before a circuit judge the Court of Appeals said in *Deckard v. State,* 38 Md. 186 (1873) at page 201:

"It is not doubted that false testimony ma-

terial to the issue, wilfully given under oath on such an inquiry, would be perjury at common law, as being given in a judicial proceeding, or course of justice, and is therefore within the first class of cases which the Code, Art. 30, sec. 155, declares shall be deemed perjury."

Blackstone in his *Commentaries,* Vol. 4, page 137, considers perjury as an offense against public justice, and adopts the definition by Sir Edward Coke that perjury is "a crime committed when a *lawful* oath is administered, in some *judicial* proceeding, to a person who swears *wilfully, absolutely,* and *falsely,* in a matter *material* to the issue or point in question." [1]

Just as necessary that the testimony be false and material, and wilfully given under oath, is the requirement that it be given in a judicial proceeding. In 3 *Wharton's Criminal Law and Procedure,* § 1302, it is said:

"In order to constitute perjury, the false statement must be made in a proceeding before a court, agency, or official having jurisdiction to inquire into the matter which was the subject of the proceeding.

\* \* \*

A distinction is to be observed between want of jurisdiction to take cognizance of a case and want of jurisdiction to proceed to judgment therein. It frequently happens that want of jurisdiction in the latter sense arises from some matter dehors the record which appears only after investigation. Hence, while a court may not have jurisdiction to proceed to judgment, it may have jurisdiction to take cognizance of a case in the first instance, until the facts showing lack of jurisdiction appear; and testimony given on

1. Similar definitions of the common law crime of perjury are given in *Hochheimer's Criminal Law,* § 404, *Perkins on Criminal Law,* page 454, *Clark & Marshall, Law of Crimes* (Seventh Ed.) § 14.03, and 3 *Wharton's Criminal Law and Procedure* § 1290.

a record showing jurisdiction is none the less perjury because the facts later appear defeating jurisdiction."

In an annotation dealing with the offense of perjury as affected by lack of jurisdiction, 36 A.L.R.3rd 1038, it is said, at page 1041:

"The courts uniformly hold that a perjury conviction cannot be based on false testimony before a court that did not have jurisdiction of either the subject matter or the defendant's person.

\* \* \*

But where the court in the trial where the alleged perjury occurred had jurisdiction to render judgment on the merits in those proceedings, defects developed dehors the record or in the procedure, sufficient to invalidate any judgment on review, do not preclude a subsequent conviction for perjury in the former trial."

The annotation includes no case holding a contrary view.

Further explaining the necessity of jurisdiction in the court before which the false testimony is given, we find in 70 C.J.S., *Perjury* § 22:

"In the absence of some statute changing or modifying the rule, it is essential that the false statement be made in a proceeding or with respect to a matter within the jurisdiction of the court, tribunal, or officer before or by whom the matter may be considered, in order to constitute the crime of perjury \* \* \*."

The same rule is stated in 60 Am.Jur.2d, *Perjury* § 18 as follows:

"In order to constitute perjury, the false statement must be made in a proceeding, or in relation to matter, within the jurisdiction of the tribunal or officer before whom the proceeding is

held, or by whom the matter is considered. Accordingly, an indictment for perjury will not lie against a witness for false swearing on the trial of a void judicial proceeding."

Since forfeiture of the money taken from Gatewood's person could be determined only in a civil in rem proceeding, and all of the hearings which pertain to the forfeiture conducted in the Criminal Court and any resulting decisions are void, that court lacked jurisdiction of the subject matter, and had no judicial power to take cognizance of the case. It follows that testimony given by appellant in the forfeiture hearing, though under oath, wilfully false and material, could not constitute perjury.

In this view of the law, appellant's motion for judgment of acquittal should have been granted.

*Judgment reversed.*
*Costs to be paid by the Mayor and City Council of Baltimore.*
*Mandate to issue forthwith.*