In re Robert Kenneth RYAN, Debtor.

Stephen H. SACHS, Attorney General of Maryland, to the use of the State of Maryland, Plaintiff,

v.

Robert Kenneth RYAN, Debtor,

and

Neal S. Melnick, Trustee, Defendants.

Bankruptcy No. 80–2–0347–L.
Adv. No. 80–0448.

United States Bankruptcy Court,
D. Maryland.

Nov. 20, 1981.

Charles A. Castle, Elliot, Nicklas & Castle, Frederick, Md., for debtor.

James J. Doyle, III, Asst. Atty. Gen., Pikesville, Md., for plaintiff.

Neal S. Melnick, Weinberger & Weinstock, Baltimore, Md., Trustee.

## MEMORANDUM OPINION AND ORDER

HARVEY M. LEBOWITZ, Bankruptcy Judge.

This case calls upon the Court to consider whether action by the State of Maryland seeking to establish a forfeiture pursuant to Md.Ann.Code art. 27, § 297 (Supp.1981) in the Circuit Court for Frederick County is stayed with respect to individuals who seek relief in a Bankruptcy Court under the Bankruptcy Reform Act of 1978, Pub.L.No. 95–508, 92 Stat. 2549 (1978) (now codified at 11 U.S.C. §§ 101–1330 (Supp. IV 1980)) (the "Code"). After consideration of the memoranda of law submitted by the parties and the argument of counsel in open court, this Court concludes that any action by the State to enforce a forfeiture in another forum against either the Debtor and his property or the property of the estate is stayed until such time as a Bankruptcy Court permits the action to proceed.

On October 3, 1980, the Attorney General of Maryland acting on behalf of the State of Maryland filed a "Complaint for Declaratory Judgment" seeking a judgment pursuant to 28 U.S.C. § 2201 (1976) that his pending action for forfeiture is not stayed by § 362(a) of the Code.[1] The Attorney

---

1. Section 362(a) provides for the imposition of an automatic stay as follows:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302

General urged in the alternative that the Court declare that if a forfeiture action is stayed, it is nonetheless excepted from such stay by sections 362(b)(1) or 362(b)(4) of the Code.[2] At trial, the parties entered into a stipulation of fact, which has been summarized below and upon which this Court has based its opinion.[3]

## I.

On June 11, 1979, a Maryland State Policeman entered a hotel room in Frederick, Maryland, where he observed a water pipe and a bag of what he suspected to be marijuana. As a result of these observations, the three occupants of the room were arrested, one of whom was the Debtor, Robert Kenneth Ryan. Subsequently, the officer obtained a search warrant, and returned to search thoroughly the hotel room. Ultimately the State Police seized from the hotel room or its occupants a quantity of controlled dangerous substances and several items characterized as "drug paraphernalia." In the course of the arrest, the State Police came into possession of $5,562.00 in United States coin and currency. The Attorney General and the Debtor differ as to how the State Police came into possession of the money.[4] The State Police contend that the officer seized the money from the hotel room at the time of the Debtor's arrest. Ryan, on the other hand, testified at a bond hearing in the District Court for Frederick County that the money had been voluntarily surrendered by him to the property officer at the Frederick State Police Barracks on the date of his arrest pursuant to a request by that officer. Ryan further contends that testimony in the District Court demonstrated that the money was the proceeds of a sale of a residential dwelling which had been built by the Debtor's construction company.

Thereafter, Ryan was indicted and found guilty on various criminal charges among which were several involving possession of controlled dangerous substances with the intent to distribute. On March 7, 1980, the Debtor received a suspended sentence and was placed on two-year probation. On

or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
11 U.S.C. § 362(a) (Supp. IV 1980).

2. Section 362(b) provides in pertinent part:
The filing of a petition under Section 301, 302, or 303 of this title does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

. . . .

(4) under subsection (a)(1) of this subsection, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.
11 U.S.C. § 362(b) (Supp. IV 1980).

3. The Trustee was named as a party defendant, but did not file an answer or appear at trial.

4. In view of the Court's disposition of this complaint the dispute is not material to a determination of the issues presently before the Court. It may nonetheless be relevant to the outcome of the forfeiture action once the State properly brings on a hearing on the merits in some forum.

March 13, 1980, Ryan filed a bankruptcy petition in this Court seeking relief under Chapter 7 of the Code.[5] The Attorney General then brought an action in the Circuit Court for Frederick County on June 3, 1980, seeking to have the money declared forfeited to the State. The Circuit Court action names both the Debtor and the coin and currency as parties defendant. Ryan filed an answer in the Circuit Court and suggested that any action in that court was stayed by the filing of the bankruptcy petition. Subsequently the Attorney General turned to this court for a declaration of the State's rights.

## II.

The first contention by the Attorney General is that the state court forfeiture action is not stayed by § 362(a) of the Code. This contention is derived from the provision of the state statute that "all rights, *title* and interest in and to the money or currency *shall immediately vest* in ... the State" upon the seizure of money that is found within "close proximity to contraband controlled dangerous substances or controlled paraphernalia, or which otherwise has been used or intended for use in connection with the illegal manufacture, distribution, dispensing or possession of controlled dangerous substances or controlled paraphernalia." Md.Ann.Code art. 27, § 297(a)(6) (Supp. 1981). The Attorney General argues that because the State's interest vested upon the arrest, the Debtor had no interest in the funds in question at the time he later filed his petition for relief under the Bankruptcy Code. Based upon this premise, the Attorney General concludes that no interest in the money passed into the bankruptcy estate pursuant to § 541(a) of the Code, and that therefore the State is not stayed by

§ 362(a) from prosecuting its forfeiture action in the state courts.

The Court disagrees with the conclusion that immediately prior to the filing of the bankruptcy petition the Debtor did not have an interest that became property of the estate by force of § 541(a). It is axiomatic bankruptcy law that the scope of § 541(a) is broad and all-embracing. *In re Ford*, 3 B.R. 559, 568–70 (Bkrtcy., D.Md. 1980), *aff'd per curiam sub nom. Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981). By its express terms, § 541(a)(1) brings into the estate "all legal or equitable interests of the debtor in property as of the commencement of the case." Once the Debtor's interest in property becomes property of the estate, subsections 2, 3, and 4 of § 362(a) effectively stay any interference with the property without prior relief from the stay in the Bankruptcy Court under § 362(d). *Cf. In re Moore*, 5 B.R. 449 (Bkrtcy., D.Md.1980).

It is manifest upon the face of the state forfeiture statute in question here that the Debtor retained some legal or equitable interest in the funds at the time the bankruptcy petition was filed. The statute establishes a procedure whereby a petition for forfeiture must be filed in the state courts and a show cause order served in accordance with the usual provisions for service of process in a civil proceeding. Md. Ann.Code art. 27, § 297(b) (Supp.1981). This was in fact the procedure adopted by the Attorney General in this instance. Inasmuch as arbitrary deprivations of property are proscribed by the United States Constitution, *Fuentes v. Shevin*, 407 U.S. 67, 80–82, 92 S.Ct. 1983, 1994–1995, 32 L.Ed.2d 556 (1972), the Debtor undoubtedly has the right to establish in the forfeiture proceeding that the money in question falls outside the scope of the state statute.[6] Although

---

5. At trial, counsel indicated that the money in question was claimed by the Debtor on his Schedule B–4 as exempt under § 522(d)(5) of the Code. The validity of such an exemption has not been, nor could it appropriately be, challenged in this proceeding. *See* 11 U.S.C. § 522(*l*) (Supp. IV 1980) ("Unless a party in interest objects, the property claimed as exempt on [Schedule B–4] is exempt.").

6. Indeed the Court of Appeals of Maryland has recognized a like right founded upon Article 23 of the Maryland Declaration of Rights. In the context of a forfeiture proceeding, the Maryland court held that due process requires notice and an opportunity to contest the claim. *State v. Greer*, 263 Md. 692, 284 A.2d 233 (1971) (quoting *Burns v. Midland*, 247 Md. 548, 553,

the actual recovery of the money by the Debtor may be contingent and dependant upon his future success at a hearing on the merits of the forfeiture action, the right to claim the money after seizure, recognized by the provisions of the state statute, is an interest in property that becomes part of the bankruptcy estate.[7] Were the claim not an asset of the estate, and were the Debtor to prevail in the forfeiture action, the Debtor would achieve a windfall at the expense of his creditors predicated upon the fortuity of a pre-bankruptcy arrest. Section 362(a), therefore, stays any attempt by the State to foreclose the estate's interest in the funds in question.

Furthermore, the forfeiture action is also stayed in part by § 362(a)(1). The Debtor is a named party defendant in the forfeiture proceeding. The "commencement or continuation ... of a judicial ... proceeding *against the debtor* that was or could have been commenced" prior to the bankruptcy petition is stayed by the express terms of § 362(a)(1). The prosecution of an action in which the debtor is a named party defendant is perhaps the simplest example of a judicial proceeding stayed by the intervention of bankruptcy proceedings.

The Court concludes therefore, that any action by the State to enforce a forfeiture is stayed by the force of § 362(a). This conclusion is consistent with the overall scheme of the Bankruptcy Code that makes the Bankruptcy Court the forum of first resort with respect to action against the Debtor, his property, or property of the estate.

### III.

■ The Court is also unpersuaded by the Attorney General's alternative contention that a forfeiture proceeding is excepted from the § 362(a) stay. For the reasons that appear below, the Court concludes that a forfeiture proceeding is neither a criminal action or proceeding within the meaning of § 362(b)(1), nor an action by a governmental unit seeking enforcement of its police or regulatory powers within the meaning of § 362(b)(2).

Section 362(b)(1) provides for a broad exception to all the provisions of § 362(a) for the "commencement or continuation of a *criminal* action or proceeding *against the debtor*." 11 U.S.C. § 362(b)(1) (Supp. IV 1980) (emphasis added). This exception is a manifestation of Congressional intent that the "bankruptcy laws are not [to become] a haven for criminal offenders." H.R.Rep. No.95–595, 95th Cong., 1st Sess. 342 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, 6299. Nonetheless, it is clear that it is the substance of the proceeding rather than its form that governs the applicability of the § 362(b)(1) exception. The equitable powers of Bankruptcy Courts have long been "invoked to the end that fraud will not prevail, that substance will not give way to form, [and] that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 304–05, 60 S.Ct. 238, 244–245, 84 L.Ed. 281 (1939). Thus, creditor action to institute criminal proceedings under "bad check" statutes has been held to be stayed despite the exception because the creditor was not motivated by an interest in "protecting society by punishment for violation of the criminal laws." *In re Caldwell*, 5 B.R. 740, 741–42 (Bkrtcy., W.D.Va.1980).

■ Careful analysis of the nature of a forfeiture proceeding indicates that such an action is not a criminal proceeding against the debtor. Notwithstanding the fact that the Debtor has been named as a defendant

234 A.2d 162, 156 (1967)). The language of § 297(a)(6) suggests at least the following defenses to the forfeiture action: (1) the money was not in close proximity to contraband; (2) the alleged substances or paraphernalia were not of the "controlled" type; and (3) there was no actual or intended use of the money in connection with the proscribed activities specified by the statute.

7. The Code provides for what perhaps may be a startling result with respect to claims of the type at issue here. As Part V of the memorandum opinion indicates, whatever the nature of the conflicting claims of parties to a forfeiture proceeding, the Code transforms the relationship between them at the moment the petition is filed.

in the state court forfeiture action, Maryland law regards forfeiture as a civil *in rem* proceeding distinct from the criminal proceeding against the individual from whom the *res* was seized. *State v. Greer*, 263 Md. 692, 694, 284 A.2d 233, 235 (1971). The Maryland Court of Appeals has emphasized this distinction by pointing out that forfeiture is not an aspect of the punishment imposed by the State for an individual's criminal offense. *Prince George's County v. Blue Bird Cab Co.*, 263 Md. 655, 658–59, 284 A.3d 203, 204–05 (1971). The mere fact that an action contains allegations of the Debtor's prior criminal conduct does not make the § 362(b)(1) exception applicable as a matter of federal bankruptcy law. 2 Collier on Bankruptcy ¶ 362.05[1] (15th ed. 1981). This is particularly the case, when as in this instance, the State Courts steadfastly maintain the position that the proceeding is not in the nature of a criminal prosecution.

■ Moreover, to the extent that a forfeiture action is a proceeding against property rather than one against the debtor, it can never come within the § 362(b)(1) exception. Section 362(b)(1) is by its terms applicable only with respect to criminal proceedings "against the debtor."[8] The money in question here has been named by the State as an *in rem* defendant in the forfeiture action. Such a proceeding is not excepted from the broad scope of the automatic stay.

■ Likewise, a forfeiture proceeding is not within the exception set out in § 362(b)(4) for "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." First, this is a limited exception expressly applicable only to actions against the debtor stayed by § 362(a)(1) rather than his property or property of the estate stayed under other subsections of § 362(a). The stay of action against property of the estate imposed by subsections (2), (3), and (4) of

§ 362(a) is thus uneffected by the § 362(b)(4) exception. A forfeiture action is at least in part an action against property. Second, a forfeiture proceeding is not the type of governmental action contemplated by § 362(b)(4). This subsection "is intended to be given a *narrow* construction in order to permit governmental units to pursue actions to protect the *public health and safety* and *not to apply* to actions by a governmental unit to protect a *pecuniary interest in property of the debtor or property of the estate.*" 124 Cong.Rec. H11,092 (daily ed. Sept. 28, 1978) (emphasis added) (remarks of Rep. Edwards). The exception was intended to encompass only governmental action against the Debtor necessary to "prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws." H.R. Rep.No.95–595, 95th Cong., 1st Sess. 343 (1977), U.S.Code Cong. & Admin.News 1978, p. 6299. A forfeiture proceeding is not governmental action seeking to vindicate or secure the public welfare. Accordingly, § 362(b)(4) is inapplicable.

### IV.

■ The decision reached here is also consistent with sections of the Code not cited by either party. Section 726 provides for the order of distribution of the property of the estate in a Chapter 7 case. Fourth in order of payment is "any allowed claim, whether secured or unsecured, for any fine, penalty, or *forfeiture*, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, *forfeiture*, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim." 11 U.S.C. § 726(a)(4) (Supp. IV 1980) (emphasis added). In addition, § 724(a) provides that the Chapter 7 Trustee may avoid liens securing a claim of the type specified in § 726(a)(4). By relegating such claims to the fourth position for purposes of distribu-

---

**8.** "Debtor" is defined by § 101(12) of the Code to mean "person or municipality concerning which a case under [the Code] has been commenced." The definition of "person" cannot be construed to include "property." *See* 11 U.S.C. § 101(3) (Supp. IV 1980).

tion, it is clear that they are to be treated as inferior and subordinate to the claims of the unsecured creditors. Indeed, a § 726(a)(4) claim is superior in order of distribution only to postpetition interest and the Debtor's right to receive any surplus. The intent of Congress was that unsecured creditors should be protected from "the debtor's wrongdoing." H.R.Rep. No.95–595, 1st Sess. 382 (1977). Thus, the Code expressly provides that a forfeiture is to be considered as a subordinate claim against the estate.

■ Despite the subordinate status of a forfeiture claim in the order of distribution, § 523(a)(7) provides that such a claim is expressly excepted from a discharge granted under Chapter 7 of the Code.[9] In addition, a § 523(a)(7) claim is not one specified by § 523(c) for which a complaint must be filed prior to the granting of a discharge and within a time set by the Court. *See In re Leonard*, 12 B.R. 91, 92 n.2 (Bkrtcy., D.Md.1981). The effect of these sections read together is to provide that to the extent that a claim for forfeiture is not satisfied out of the assets of the bankruptcy estate, it is uneffected by the Debtor's discharge. Although the Debtor's exemptions are free from the State's claim under § 522(c), the State may look to the Debtor's post-petition property for payment of the forfeited amount. 11 U.S.C. § 522(c) (Supp. IV 1980).[10] Thus, a debtor is unable to use the Bankruptcy Code to evade penalties visited upon him by society. These provisions are a reflection of Congressional policy that bankruptcy should not shield an individual

from the consequences of his wrongful behavior.

Congress has devised in the Bankruptcy Code a comprehensive scheme for sorting out the competing claims and interests present in bankruptcy proceedings. This scheme implements a fresh financial start for the debtor while at the same time accommodating the need for government to control reprehensible conduct. To permit forfeiture actions to proceed unimpeded by a bankruptcy petition, however, would impair the objective of a swift and orderly disposition of the Debtor's estate pursuant to the Code under the exclusive jurisdiction of the Bankruptcy Court.

### V.

■ Should the State prevail in its forfeiture action, the Bankruptcy Code would operate to convert its *in rem* rights against money into both a claim against the bankruptcy estate and a nondischargeable claim against the Debtor. Therefore, immediately following the filing of a bankruptcy petition, a forfeiture action is in effect converted to little more than a proceeding to establish the nondischargeability of a claim under § 523(a)(7). Whatever the outcome of the forfeiture action, the bankruptcy estate becomes vested by the Code with all ownership rights to the money. The Congress has made a conscious judgment to treat an assertion of forfeiture rights as a claim against the Debtor. Such an election is a matter of policy to be decided by Congress by virtue of its power under the bankruptcy clause. The judgment of Congress that a

---

**9.** The Code provides in pertinent part that:

> A discharge under Section 727 ... does not discharge an individual debtor from any debt—
>
> ....
>
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—
>
> (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
>
> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

**11** U.S.C. § 523(a)(7) (Supp. IV 1980). This provision makes fines, penalties, and forfeitures nondischargeable so long as they are payable to government and do not compensate pecuniary loss. Section 523(a)(7) makes tax penalties nondischargeable to the extent that the underlying tax is nondischargeable as well. 3 Collier on Bankruptcy ¶ 523.17 (15th ed. 1981).

**10.** Section 522(c) "insulates exempt property from prepetition claims, except tax and alimony, maintenance, or support claims that are excepted from discharge." H.R.Rep.No.95–595, 95th Cong., 1st Sess. 361 (1977), U.S.Code Cong. & Admin.News 1978, p. 6317.

State's forfeiture action ought to be transformed into a nondischargeable claim against the Debtor and his estate may be somewhat unexpected, but it is at the same time consistent with the Congressional objective that the bankruptcy estate not be depleted by the Debtor's previous wrongful conduct.

The Attorney General has not sought relief from the automatic stay as part of this proceeding. Thus, any modification of the stay under § 362(d) of the Code is improper at this time. Nor has the Attorney General sought to institute the forfeiture action in this Court, and thus the Court is not called upon to consider the merits of whether the money should be forfeited. Accordingly, judgment can be entered only upon the Attorney General's Complaint for Declaratory Judgment and it would be inappropriate for the Court to grant any other relief at this time.

For the aforegoing reasons, it is this 20th day of November, 1981, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, ADJUDGED, AND DECREED that the forfeiture proceeding pending in the Circuit Court for Frederick County under Article 27, § 297 of the Annotated Code of Maryland is stayed pursuant to 11 U.S.C. § 362(a) (Supp. IV 1980) upon the filing of a petition for relief in a United States Bankruptcy Court; and it is

FURTHER ORDERED, ADJUDGED, AND DECREED that such a forfeiture proceeding is not excepted from the automatic stay imposed by § 362(a) under either 11 U.S.C. § 362(b)(1) (Supp. IV 1980) or 11 U.S.C. § 362(b)(4) (Supp. IV 1980); and it is

FURTHER ORDERED that a copy of this Memorandum Opinion and Order be mailed forthwith by the Clerk of the Court by regular mail to all counsel of record.