**BORICUA MOTORS LEASING CORP., Plaintiff,**

v.

**COMMONWEALTH OF PUERTO RICO, et al., Defendants.**

**Civ. No. 92–2397(PG).**

United States District Court, D. Puerto Rico.

June 2, 1993.

Charles Cuprill, Ponce, PR, for plaintiff.

Diana Pérez Pabón, Dept. of Justice, Com. of PR, San Juan, for defendants.

**OPINION AND ORDER**

PEREZ–GIMENEZ, District Judge.

Boricua Motors Leasing Corp. ("Boricua") has filed an appeal from the bankruptcy court's order of September 2, 1992, granting defendants Commonwealth of Puerto Rico, the Department of Justice, the Board of Confiscations, and the Secretary of Justice of the Commonwealth of Puerto Rico's motion to dismiss Boricua's complaint.

*Facts*

On January 25, 1991, Boricua filed its petition for reorganization under Chapter 11 of the Bankruptcy Code. On April 11, 1991, the Commonwealth ordered the confiscation of a motor vehicle property of Boricua. The confiscation was issued under the provisions of The Uniform Seizure Act, 34 L.P.R.A. §§ 1723, *et seq.*, as a result of the utilization of the motor vehicle in the commission of a crime by violating Articles 6 and 8 of the Firearms Law of

Puerto Rico, 25 L.P.R.A. §§ 416 and 418, and Article 173 of the Penal Code of Puerto Rico, 33 L.P.R.A. § 4279. The vehicle was in possession of third parties as a result of a lease contract with Boricua. More than a year after the confiscation was executed, Boricua filed a complaint under section 542(a) of the Bankruptcy Code against the Commonwealth requesting the turning over of the motor vehicle.

On September 2, 1992, the bankruptcy court dismissed the complaint after adopting the legal rationale of *In re James*, 940 F.2d 46 (3rd Cir.1991), in which the U.S. Court of Appeals for the Third Circuit ruled that state forfeiture actions come within the police power exceptions to the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

### Law

▪ The issue presented in this appeal is whether the bankruptcy court erred in adopting the rationale of *In re James* and concluding thereby that a state civil forfeiture action comes within the police power exception to the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

Boricua argues that *In re James* did not hold that post-petition state forfeiture actions are excepted from the automatic stay and even if *In re James* did so hold, section 362(b)(4) does not except from the automatic stay actions against property of the estate.

The argument that the stay of actions against property of the estate is not affected by the exception provided by section 362(b)(4) adopted in *In re Ryan*, 15 B.R. 514 (Bankr.Md.1981), was expressly rejected in *In re James, supra*.

As to Boricua's argument of post-petition forfeiture action, in *In re James*, the debtor filed an adversary proceeding alleging that New Jersey violated the automatic stay provided by 11 U.S.C. § 362 because of a default judgment entered by the state court one day after debtor filed for bankruptcy. The bankruptcy court held that the post-petition entry of default judgment in the forfeiture action violated the automatic stay. New Jersey appealed to the

district court, which in pertinent part held that the state forfeiture action was excepted from the automatic stay by virtue of 11 U.S.C. § 362(b)(4). The Third Circuit affirmed this part of the district court's holding and specifically provided that the exception under section 362(b)(4) is applicable to actions against property of the estate:

> We do not agree. We believe that the decision in *Ryan* ignores the *plain language of the statute*. Section 362(b)(4) does not state that only a governmental action seeking to vindicate or secure the public welfare in enumerated actions is to be excepted from the automatic stay; *rather it grants an exception for "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.* A civil forfeiture action is an action by a governmental unit to enforce its police or regulatory power to combat the problem of illicit drugs. Therefore, *we conclude that the district court here was correct in holding that a civil forfeiture action proceeding is an exception to the automatic stay under the 'police power' exception of section 362(b)(4)."* (emphasis supplied). *In Re James, supra*, at 51.

▪ Under Puerto Rico's forfeiture statute, the aggrieved party may judicially challenge the forfeiture of a mobile property within 15 days following the service by certified mail of the written notice of the forfeiture by filing a complaint against the office who made the seizure. 34 L.P.R.A. § 1723(f). The fifteen-day period to file the complaint challenging the seizure is jurisdictional. 34 L.P.R.A. § 1722(a); *Garcia v. Superior Court*, 91 P.R.R. 146, 149 (1964); *Secretary of Justice v. Superior Court*, 89 P.R.R. 562, 569 (1963).

▪ For unknown reasons, Boricua failed to challenge the forfeiture of the vehicle. Once the fifteen days elapse, the property, in this case the vehicle, is vested in the governmental entity, the Board of Confiscations, for its disposition. 34 L.P.R.A. § 1723k–1, *see, e.g., In re Kurth Ranch*, 122 B.R. 759 (Bkrtcy.D.Mont.1991), *aff'd*, 986 F.2d 1308 (9th Cir.1993), and is

no longer property of the estate subject to the provisions of 11 U.S.C. § 541.

In conclusion, the bankruptcy court did not err in adopting the legal analysis and rationale of *In re James* in dismissing Boricua's complaint.

In view of the above, Boricua's appeal is hereby DENIED, and the bankruptcy court's order of September 2, 1992, is hereby AFFIRMED.

**IT IS SO ORDERED.**