**In re Perry Nolan BREWER, Debtor.**

**Perry Nolan BREWER, Plaintiff,**

v.

**UNITED STATES of America, etc., Defendants.**

**Bankruptcy No. 95–15897–BKC–AJC. Adv. No. 96–0254–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 9, 1996.

Robert C. Meyer, Coral Gables, FL, for Debtor.

William H. Becklerleg, Jr., Assistant United States Attorney, Ft. Lauderdale, FL, for United States.

Nancy Herkert, Hialeah, FL, Chapter 13 Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Chief Judge.

THIS MATTER came before the Court on the motions for summary judgment filed by the respective parties on July 10, 1996. Plaintiff, Perry Nolan Brewer, ("Debtor") seeks to avoid the interest held by the United States of America ("USA") pursuant to Sections 522, 544, 545, 547, 549 and 551 of Title 11, and Rule 7001 Fed. R. Bank. P. Debtor's motion for summary judgment asserts that the lien interest of USA is defective and avoidable. Summary judgment was also requested by the USA which asserts that its lienhold interest is valid and enforceable. The Court, having considered the documentary evidence, having considered the arguments of counsel, and being otherwise duly advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

This adversary proceeding concerns title to real property ("Property") legally described as:

Lot 6, MARILYN MANORS, according to the Plat thereof as recorded in Plat Book 67, Page 109, of the public Records of Dade County, Florida.

This was the Debtor's homestead when the USA filed an *in rem* action against it in *United States v. One Parcel of Real Estate at 12995 S.W. 77th Avenue, Kendall, Florida, etc.*, Case No. 90–581–Civ–Aronovitz. In this action, the USA alleged that the Property was forfeitable because it facilitated the possession, distribution, and sale of cocaine, in violation of 21 U.S.C. § 881(a)(7). On August 31, 1995, the USA obtained a final consent judgment of forfeiture ("Judgment") against that property. The Judgment provided that if the Debtor paid the United States Marshals Service $40,000.00 within 45 days of the date of the Judgment, the Property would not be forfeited to the USA and the Property would remain the property of the Debtor.

The Debtor failed to pay the $40,000.00 and the Property was offered for sale by the United States Marshals Service. On November 30, 1995, the Debtor filed a motion with the United States District Court for the Southern District of Florida seeking 45 additional days to produce the $40,000.00. On December 5, 1995, the District Court granted Debtor's motion for the additional 45 days. Also on December 5, 1995, the Debtor filed his Chapter 13 petition with this Court. In his schedules, the Debtor scheduled the Property as his exempt homestead. No timely objection was filed to the claimed exemption of the Property.

On January 19, 1996, the time period within which Debtor could pay the $40,000.00 and retain the Property, expired without Debtor paying the $40,000.00.

The Debtor filed his adversary complaint to determine the extent, validity, and priority of lien on March 4, 1996. The agreed order granting Debtor leave to amend his complaint was signed May 10, 1996. The amended complaint is based upon six Counts: Count I determining the extent, validity and priority of the alleged lien held by the USA; Count II, seeking to avoid the preferential transfer to the USA; Count III requesting to impose stay against USA; Count IV seeking to avoid a post-petition fraudulent transfer under 11 U.S.C. § 549; Count V seeking to avoid judgment liens under 11 U.S.C. § 522(f); Count VI seeking to avoid the lien held by the USA under 11 U.S.C. § 544; and Count VII seeking to avoid the lien held by the USA under 11 U.S.C. § 545.

The Debtor argues that the Property had not been forfeited to the USA when the Debtor filed his Chapter 13 petition and that the forfeiture proceeding is a civil action stayed by § 362(a). Furthermore, Debtor

alleges that the USA failed to properly perfect its interest in the Property making the USA an unsecured creditor and that the USA's lien may be avoided by the Debtor pursuant to § 522(h). Finally, the Debtor argues that based on the foregoing and the fact that no timely objection to his claim of exemption was filed, the Court must find the Property is exempt property of the Debtor.

The USA argues that the Property was forfeited to the USA prior to the Debtor filing his Chapter 13 petition and is not property of the estate. In addition, the USA argues that the Debtor cannot claim the Property as exempt under § 522 because forfeiture law preempts the Florida Constitution homestead exemption provision.

The only response received in this adversary was from the USA. Count V was handled by a separate Court order after motion and notice to the other lienholders of record. Counts I, II, III, VI, and VII are the subject of the Summary Judgment Motions. Count IV is not at issue.

■ The forfeiture action in this case is a federal civil action pursuant to 21 U.S.C. § 881(a)(7), it is an exercise of the federal government's police power, and, pursuant to 11 U.S.C. § 362(b)(4), is not stayed by 11 U.S.C. § 362(a). *In re Smith*, 176 B.R. 221 (Bankr.N.D.Ala.1995); *Boricua Motors Leasing Corp. v. Com. of Puerto Rico*, 154 B.R. 834 (D.Puerto Rico 1993); *In re James*, 940 F.2d 46 (3rd Cir.1991). Therefore, the Debtor's additional 45 days to produce the $40,000.00 expired on January 19, 1996. The Debtor has no interest in the Property because when he failed to pay the $40,000.00 by January 19, 1996, the property ceased to belong to him.

■ In addition, federal forfeiture law, as an act of supremacy, preempts the homestead exemption provision found in Article X, Section 4 of the Florida Constitution, because the latter directly conflicts and interferes with the objectives of Congress.[1] *See U.S. v.*

*Lot 5, Fox Grove, Alachua County, Florida,* 23 F.3d 359 (11th Cir.1994), *U.S. v. One Single Family Residence located at 18755 North Bay Road, Miami,* 13 F.3d 1493, 1498 (11th Cir.1994). The Florida constitution provision regarding the nonenforceability of homestead property upon which the Debtor relies cannot be enforced without interfering or impairing directly the purpose and effect of the federal forfeiture judgment. Therefore, neither the Debtor's bankruptcy nor his claim of homestead exemption prevented the forfeiture of the Property to the USA.

The individual counts of the complaint, which were at issue before this Court, shall be handled as follows: Count I, seeking determination of the liens, is found for the USA and the Debtor has no interest in the Property. Count II, requesting that the judgment of August 31, 1995 be determined to be a preferential transfer, is found for the USA because there was no transfer within 90 days of the filing of this bankruptcy for the purposes of finding a preferential transfer. Count III, a request to impose a stay against the USA, is granted in favor of the USA because the forfeiture action may continue pursuant to 11 U.S.C. § 362(b)(5). Count IV, requesting the postpetition fraudulent transfer to be avoided, is moot. Count V, requesting avoidance of the judicial lien under 11 U.S.C. § 522(f), has become moot in light of the fact that the Defendants, with the exception of USA, were subjected to a separate motion and order. Count VI and VII, seeking to avoid liens under 11 U.S.C. §§ 544(a)(3) and 545, is ruled in favor of the USA because the Debtor has no interest in the Property.

Pursuant to Rule 9021, a separate final judgment of even date has been entered in conformity with these findings of fact and conclusions of law.

---

1. The United States Supreme Court has stated that pursuant to the preemption doctrine (derived from the Supremacy Clause of the Federal Constitution, Art. VI, cl. 2) federal law will preempt state law if "the state law and the federal law are in actual conflict so that compliance with both is physically impossible or the state law obstructs the accomplishment of the full objectives of Congress." *See, International Paper Co. v. Ouellette,* 479 U.S. 481, 491, 107 S.Ct. 805, 811, 93 L.Ed.2d 883 (1987).