# GATEWOOD *v.* STATE OF MARYLAND

[No. 172, September Term, 1971.]

*Decided January 19, 1972.*

302

The cause was argued before HAMMOND, C. J., and
BARNES, MCWILLIAMS, FINAN, SMITH and DIGGES, JJ.

*Leonard A. Briscoe* for appellant.

*John P. Stafford, Jr., Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Milton
B. Allen, State's Attorney for Baltimore City, David
Simonson* and *Charles O. Fisher, Jr., Assistant State's
Attorneys for Baltimore City,* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

In order to unravel the factual pattern that has re-
sulted in this appeal we begin with the events of Sep-
tember 13, 1968, when the Baltimore City Police found
a lottery in operation while executing a search and seiz-
ure warrant at a second floor apartment on Calverton
Heights Avenue. The appellant, Bland Calvin Gatewood,
was on the premises at the time of the raid and along
with Eleanor Janey and Joseph McCloud was arrested
for violating the lottery laws. In conjunction with these
arrests various items of gambling paraphernalia includ-
ing lottery slips, tapes and adding machines were seized
by the authorities. Additionally, $6,182.00 in U.S. cur-
rency which Gatewood had in his pocket was taken by
the police and held subject to the provisions of Art. 27,
§ 264 of the Maryland Code (1957, 1971 Repl. Vol.).
Subsection (a) of that statute states in part:

> "*Deemed contraband.*—Whenever any money,
> currency or cash shall be seized or captured by
> any police officer in Baltimore City [and various

listed counties] in connection with any arrest for the playing or operation of any bookmaking, betting and wagering on horses or athletic events, or any lottery, game, table, or gaming device unlawful under the provisions of this article, all such money, currency or cash shall be deemed prima facie to be contraband of law as a gambling device or as a part of a gambling operation."

On July 23, 1969 appellant, upon pleading guilty in the Criminal Court of Baltimore to an indictment charging violation of the lottery laws (Art. 27, §§ 356, 360-61-62), was sentenced by Judge Sodaro to six months in prison (eventually suspended), plus a $1,000.00 fine. Two days later on July 25, Gatewood filed a petition in the Criminal Court to compel the police department to return the money it had seized from him, arguing that the cash was his personal funds and not related to the illegal lottery. Without notice to the City or State's Attorney, Judge Sodaro granted the relief sought and subsequently the police relinquished the currency to appellant's counsel.

Nearly three months later on October 17, the State's Attorney, apparently after getting wind of what had happened, filed a petition asking the Criminal Court to vacate its earlier order surrendering the money and requesting that Gatewood be required to turn over $6,182.00 to the Director of Finance of Baltimore City. When Judge Sodaro considered this matter at a hearing appellant testified at length in his own behalf. However, since the court determined that the seized currency was contraband, these efforts did not prove fruitful, as not only was Gatewood instructed to pay the money to the City for forfeiture but later he was indicted and found guilty of committing perjury at that hearing. In compliance with the order appellant paid $6,182.00 and on November 18, 1970 the Criminal Court, at the behest of the Director of Finance, forfeited that money to the City.

Following this, some seventeen months later on April 27, 1971, the appellant filed a motion in the same criminal proceeding asking that the hearing of November 7, 1969 be declared "null, void and of no effect," and to "withdraw, and strike out any or all show cause or other orders of this Court which may have been issued either as a direct or indirect result of the said proceeding." Two weeks later, Gatewood filed a second motion requesting that the show cause summons of October 17, 1969 be quashed and the resulting judgment stricken. Both motions were considered by Judge Harris and denied; this appeal follows.

Several contentions are presented by the appellant for our consideration, including a claim of double jeopardy and the issue of whether the statute (§ 264) is constitutional. However, under our view of this case, we are only confronted with the arguments concerning the jurisdiction of the Criminal Court of Baltimore over the money once Gatewood was found guilty of the lottery charges, and the authority of this Court to determine that question on direct appeal.

Very recently we have had the opportunity to discuss in detail the history of property forfeitures in relation to criminal offenses. *Pr. George's Co. v. Blue Bird Cab,* 263 Md. 655, 284 A. 2d 203 (1971); *State v. Greer,* 263 Md. 692, 284 A. 2d 233 (1971). In these cases we unequivocally stated that unless otherwise specifically provided by statute, forfeiture is a civil in rem proceeding. In the case before us now, Art. 27, § 264 requires that forfeiture be preceded by a criminal conviction. However, this law does not make forfeiture an adjunct of the criminal case. Section 264 (c) partially states:

> *"Forfeiture upon conviction.*—If the trial or other ultimate disposition of such charge or charges, indictment or indictments, results in a record of conviction being entered against the person or persons so arrested, in connec-

tion with which the said money, currency, or cash may have been so seized or captured, the county treasurer of the county or director of finance in Baltimore City may after one month from the date of the record of the entry of such conviction, unless the case is appealed to Court of Appeals make application to the circuit court of the county, for an order declaring and ordering that such money, currency or cash in the custody of the director of finance or county treasurer shall be forfeited to the sole use and gain of the said county or city." [1]

It is conceded by the State that this provision does not explicitly authorize the Criminal Court to hear forfeiture proceedings. However, the appellee argues that unless forfeiture is specifically reserved by statutory mandate for civil courts, then criminal courts have jurisdiction. In light of *Blue Bird* and *Greer* this position is untenable. Here, the Criminal Court of Baltimore, which by constitutional authority is not a civil court (Art. IV, §§ 27 and 30), decided both the criminal action against Gatewood and the forfeiture of the money, a civil question. All the hearings which pertain to the forfeiture conducted in the Criminal Court and any resulting decisions are void since that court lacked proper statutory jurisdiction over the subject matter. And "a void judgment is a mere nullity and ineffective for any purpose. Its status is the same as if it had never been entered." *Cook v. Alexandria Nat'l Bank*, 263 Md. 147, 282 A. 2d 97, 100 (1971).

As to the question of our authority to hear this direct

---

1. It should be noted that as originally enacted by Ch. 299, Laws of Maryland 1951, Art. 27, § 264 applied to certain enumerated counties. Baltimore City was first included within the provisions of this statute by Ch. 884, Laws of Maryland 1965. While added by name in other proper places in this law, Baltimore City, apparently through inadvertence, is not specifically mentioned in subsection (c) where it says "make application to the circuit court of the county." This omission is of no consequence as it is clear that subsection (c) is also intended to include the appropriate court of Baltimore City.

appeal, since it involves a civil matter we have jurisdiction under Art. 5, § 5A of the Code (1957, 1968 Repl. Vol., 1971 Cum. Supp.) to determine the issues presented. Similarly, having concluded that forfeiture must be brought as a civil action, we cannot now authorize the return of Gatewood's money in this criminal case, even if it were justified, because the appellant has to seek relief through a civil proceeding in a court having proper jurisdiction.

*Orders of the Criminal Court of Baltimore of June 15, 1971 denying appellant's motion for appropriate relief and to strike judgment reversed and case remanded for passage of an order striking as void the following orders of the Criminal Court of Baltimore: 1) order of July 25, 1969 filed July 28, 1969 directing that the Baltimore City Police Department turn over to Bland Gatewood or his attorney the $6,182.00 seized, 2) order dated and filed November 17, 1969 instructing Gatewood to "return" said sum to the Director of Finance of Baltimore City for forfeiture, 3) order dated November 18, 1969 and filed November 19, 1969 forfeiting the $6,182.00 to the City of Baltimore. Costs to be paid by the State of Maryland.*