UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronald Glen SHAW,
Defendant-Appellant.

No. 82–4097.

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1983.

Robert L. Doyel, University of Miss. School of Law, University, Miss., for defendant-appellant.

Glen H. Davidson, U.S. Atty., John R. Hailman, Alfred E. Moreton, III, Asst. U.S. Attys., Oxford, Miss., for plaintiff-appellee.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion March 15, 1983, 5th Cir.1983, 701 F.2d 367)

Before CLARK, Chief Judge, RUBIN and WILLIAMS, Circuit Judges.

PER CURIAM:

Defendant Shaw moves for rehearing and rehearing en banc of our affirmance of his conviction of murder, attempted murder, and other related offenses.

We have considered the contentions ably presented by his counsel in his behalf, and we find them without merit. One contention, however, justifies particular discussion.

Defendant Shaw took the stand in his own behalf and testified that the shooting was accidental. He also testified that he had been drinking the night of the shooting. During his cross-examination, the prosecutor asked him: "When you're intoxicated, you become violent, don't you?" and Shaw's response was: "No." This question had

been objected to by Shaw's counsel on the ground that it was the introduction of extraneous evidence of a character trait excluded by Rule 404(a) of the Federal Rules of Evidence. The court overruled the objection and allowed the question to be answered.

Shaw properly contends that if the only connection between a tendency to become violent when intoxicated and the shooting episode was an attempt to show that he acted as he did in the shooting episode because of a tendency to violence while intoxicated, this would be character evidence and under Rule 404(a) would not be admissible. It would be proof of a character trait for the purpose of proving that he acted in conformity with that trait on the particular occasion. This was not the situation, however, which was presented to the district court in its admissibility ruling.

Character evidence often contains elements of proof which are also specifically relevant to issues at trial. Thus, such evidence is admissible unless its *sole* role is to prove a disposition to commit a crime. *United States v. Riggins,* 539 F.2d 682, 683 (9th Cir.1976); 2 Weinstein's Federal Evidence, ¶ 404[08]. The question at issue had a relevant purpose to Shaw's claim the shooting was accidental. Shaw admitted he had been drinking. Further, his testimony was that he had not laid in wait and shot deliberately but that he had slipped and his gun had discharged by accident. Under Rule 404(b) evidence of other acts is admissible for such purposes as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This question was relevant directly to Shaw's intent and in countering his claim of accident. In the context of the trial, the question was proper under Rule 404(b).

In addition, we are reminded by Saltzburg and Redden, in their Federal Rules of Evidence Manual, 3rd ed., p. 156, that under Rule 404(b) "when the balance between probative value and prejudicial effect is close, the decision should be made to allow the evidence to be introduced." Cited by the authors for this proposition is our decision in *United States v. Beechum,* 582 F.2d 898 (5th Cir.1978) (en banc), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

The level of possible prejudice was low in the context of Shaw's trial. The question was asked only once. Shaw replied in the negative. The prosecution then dropped the matter and did not refer to it again through the trial. In *United States v. Davis,* 546 F.2d 583, 592 (5th Cir.), *cert. denied,* 431 U.S. 906, 97 S.Ct. 1701, 52 L.Ed.2d 391 (1977), in an observation obviously relevant to this case we said that "rarely, and only after a clear showing of prejudicial abuse of discretion, will an appellate court disturb rulings of a trial in the admissibility of character evidence." There is no significant showing of prejudicial abuse of discretion in this case. We find no error in the district court admitting this question and answer into evidence.

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 35) the Suggestion for Rehearing En Banc is DENIED.