570 A.2d 338

**STATE of Maryland**

v.

**Michael William MONROE, Jr.**

**No. 857, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

March 1, 1990.

Certiorari Denied June 29, 1990.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Andrew L. Sonner, State's Atty. for Montgomery County, Rockville, on the brief), for appellant.

Michael R. Braudes, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellee.

Argued before GARRITY, ROSALYN B. BELL and WENNER, JJ.

ROSALYN B. BELL, Judge.

The dispositive issue in this case is whether the State may appeal as a matter of right to this Court from a dismissal of charges against a criminal defendant by a circuit court which reviewed a case *de novo* from a District Court decision. Michael William Monroe, Jr. was found guilty of theft under $300 by the District Court of Maryland for Montgomery County. He appealed, seeking a trial *de novo* in the Circuit Court for Montgomery County. Following a hearing on June 6, 1989, the circuit court dismissed all charges pending against Monroe based on the lack of particularity in the charging document. The State appealed to this Court on June 13, 1989 and filed a petition for a writ of certiorari in the Court of Appeals of Maryland on July 3, 1989.[1]

The State contends that the circuit court acted improperly in dismissing the charges against Monroe. Before addressing this substantive issue, we will first need to consider the threshold question of whether we have jurisdiction to hear this case. Concluding that we are without jurisdiction, we dismiss the appeal and do not reach the question raised. We explain.

—The Statutory Scheme of Appeals—

The determinative statutory scheme in this case is Title 12, ("Appeals, Certiorari and Certification of Questions"), Subtitle 3, entitled "Review of Decisions of Trial Courts of General Jurisdiction." Md.Cts. & Jud.Proc.Code Ann.

---

1. As of the time of the writing of this opinion, the writ of certiorari has not been acted upon. The Court of Appeals may be holding the case in anticipation of its decision in the case of *State v. Anderson,* No. 137, Sept. Term, 1988, argued June 2, 1989. We note, however, that, although the question of our jurisdiction in this situation is raised in *Anderson,* the Court of Appeals could hold that this issue is moot in *Anderson* since it granted the writ of certiorari.

§§ 12–301 to 308 (1974, 1984 Repl.Vol., & 1989 Cum.Supp.).[2] We will give a brief overview of these sections.

Section 12–301 sets out the right to appeal from a decision of a circuit court:

"Except as provided in § 12–302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended."

Although § 12–301 states that "a party may appeal," the Court of Appeals has held that the State cannot appeal a decision in a criminal case in the absence of express statutory pronouncement to the contrary. *State v. Adams,* 196 Md. 341, 347–349, 76 A.2d 575 (1950). The rationale behind this general rule is the concern over the State's ability to impose double jeopardy on a criminal defendant.

The exceptions which § 12–302 provide both add to and subtract from the cases to which § 12–301 affords an appeal as of right. An appeal as of right is one which the appellate court must hear, as opposed to an appeal by writ of certiorari which is discretionary. Subsection 12–302(a) excludes appeals reviewing the decision of the District Court:

"(a) Unless a right to appeal is expressly granted by law, § 12–301 does not permit an appeal from a final judgment of a court entered or made in the exercise of appellate jurisdiction in reviewing the decision of the District Court, an administrative agency, or a local legislative body."

and § 12–302(c)(1) adds:

"(c) In a criminal case, the State may appeal as provided in this subsection.

---

**2.** All sections referred to hereinafter are from the Courts & Judicial Proceedings Article unless otherwise noted.

"(1) The State may appeal from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition."

Section 12–303 provides for appeals from certain interlocutory orders which, if allowed to stand, would, in the view of the Legislature, cause an irreparable loss. They include, among others, orders deciding the possession of property, to pay money, granting or denial of injunctive relief, or an order "depriving a parent, grandparent or natural guardian of care and custody of his child." § 12–303(3)(x).

Section 12–304 specifies those situations under which contempt may be the subject of an appeal.

Section 12–305 describes the certification of decisions method of review by the Court of Appeals:

"The Court of Appeals shall require by writ of certiorari that a decision be certified to it for review and determination in any case in which a Circuit Court has rendered a final judgment on appeal from the District Court or has rendered a final judgment on appeal from an administrative decision under the Maryland Vehicle Law if it appears to the Court of Appeals, upon petition of a party that:

"(1) Review is necessary to secure uniformity of decision, as where the same statute has been construed differently by two or more judges; or

"(2) There are other special circumstances rendering it desirable and in the public interest that the decision be reviewed."

Section 12–306 states that the purpose of § 12–307 and § 12–308 is to allocate appellate jurisdiction between the Court of Appeals and the Court of Special Appeals. The Court of Appeals has jurisdiction under § 12–307 to review a case or proceeding pending in or decided by the Court of Special Appeals and a case or proceeding decided by a circuit court, but only by certiorari. Section 12–307 also designates exclusive appellate jurisdiction to the Court of Appeals with respect to (1) a question of law certified to it

under the Uniform Certification of Questions of Law Act; and (2) a criminal case in which the death penalty is imposed. Under § 12–308, the Court of Special Appeals has initial appellate jurisdiction over all reviewable judgments not exclusively reserved to the Court of Appeals. Therefore, in the instant case, if there is a right of appeal, it is to the Court of Special Appeals. But we hold that there is no right of appeal in this case.[3] We explain.

—Sections 12–302(a) and (c)(1)—

In this case we are primarily concerned with the interplay between § 12–302(a) and (c)(1). The State posits that, despite the fact that § 12–302(a) precludes the right of appeal from a circuit court reviewing a decision of the District Court, subsection (c) is an exception to that preclusion. We disagree.

Section 12–1302(a) is an exception to § 12–301; it excludes from right of review cases that would otherwise be included. Section 12–1302(c) is another exception, albeit to the common law, in that the State has no right of appeal in the absence of an express provision or an historical basis. *State ex rel. Sonner v. Shearin,* 272 Md. 502, 521–522, 325 A.2d 573 (1974). Section 12–1302(c) is not an exception to § 12–302(a) as the State would have us hold; it is an exception to the common law.

In the instant case, the judgment appealed from was entered in a circuit court which functioned as an appellate court. The court was conducting a *de novo* appeal from a judgment of the District Court. Under § 12–302(a), unless a right of appeal is *expressly* granted by law, § 12–301 does not establish an appeal of right from a final judgment in such a case.

The State insists that § 12–302(c)(1) permits it to file this appeal to us. That provision, however, does not specifically and *expressly* create a right of appeal to this Court from a

---

**3.** The State can, of course, and in this case it did, file a petition for a writ of certiorari to the Court of Appeals. *See* § 12–305.

final judgment of a circuit court reviewing a final decision of the District Court as required by § 12–302(a). Section 12–302(c)(1) allows the State to appeal from a "final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition." [4] There is no mention of whether the circuit court is acting as a court of original jurisdiction or as a reviewing judicial body. One level of appellate review has already been provided in the case. We are not aware of any situation which permits a second appeal as of right from the circuit court review of a final decision of the District Court. We hold that the General Assembly quite reasonably contemplated that the sole additional avenue of review would be certiorari review in the Court of Appeals.

Our holding is supported by the fact that, where the Legislature has intended to create a right of review in the Court of Special Appeals under circumstances where one level of review has already been provided, it has done so specifically and *expressly*. For example, Md.Code Ann. Art. 95A, § 7(h) (1957, 1985 Repl.Vol.), provides for a review of the Administrative Board of Appeals by an appeal to the circuit court. In order to permit review by the Court of Special Appeals, the Legislature specified in that section:

"An appeal may be taken from the decision of the circuit court of the county to the Court of Special Appeals in the same manner, but not inconsistent with the provisions of this article, as is provided in civil cases."

In the instant case, the plain language of § 12–302(a) mandates the conclusion that § 12–301 does not give rise to an appeal unless there is separate legislation that grants

---

4. The failure of § 12–302(c)(1) to include the dismissal of citations or statements of charges is consistent with our interpretation. Citations are one of the charging documents issued to a defendant in District Court. They are the most common form of charging document. A statement of charges is the second most commonly used District Court charging document. The omission of these two types of charging documents is consistent with our construction that subsection (c) was not intended to grant a right of appeal to cases which had been instituted in the District Court.

such an appeal. There is no indication in § 12–302(c)(1) that the State may appeal to the Court of Special Appeals from a case such as this where the circuit court reviews and dismisses a case originally decided in District Court. The general intent of the Legislature is that the availability of appeal to the circuit court substitutes for review by this Court, absent express and specific legislation to the contrary, as for example, was specifically provided for above. No such legislation exists in this case.

In addition to the Legislature's failure to provide expressly for our jurisdiction in the circumstances of the case *sub judice,* there is the existing structure governing the appeals process from the District Court. Section 12–401 provides that appeals from the District Court shall be taken to the circuit court of the county and, in the case of Baltimore City, the city in which the judgment was entered. § 12–403. The one exception to this requirement is that in Montgomery County an appeal from the District Court sitting as a juvenile court is treated in the same manner as if the decision had been rendered by a circuit court. § 3–832. No provision is made for any further appeals of right from District Court cases; again, a party can pursue certiorari review in the Court of Appeals.

We hold that § 12–302(c)(1) allows the State to appeal from a criminal case dismissing any indictment or information. This exception is limited, however, by § 12–302(a) which does not permit an appeal from a final judgment entered or made in the exercise of the circuit court's appellate jurisdiction over the District Court. If the Legislature intended this Court to have such jurisdiction, it should have explicitly said so.[5]

---

**5.** While this means that the dismissal of the charging document has not been reviewed, and will not be unless the Court of Appeals grants the writ of certiorari, this is not uncommon. Whenever a trial *de novo* occurs after a District Court judgment, any errors alleged to have been committed by the trial judge in the circuit court will not be subjected to review as a matter of right.

APPEAL DISMISSED.  COSTS TO BE PAID BY MONT-
GOMERY COUNTY.