589 A.2d 81

**STATE of Maryland**

v.

**Joseph Titus JAMES.**

**No. 1556, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

May 1, 1991.

40

Tarra Deshields–Minnis, Asst. Atty. Gen., J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Andrew L. Sonner, State's Atty. for Montgomery County, Rockville, on brief, for appellant.

No brief or appearance by appellee.

Argued before BISHOP, ROSALYN B. BELL and FISCHER, JJ.

ROSALYN B. BELL, Judge.

This case arises from a motion to suppress evidence seized from the interior of an automobile driven by Joseph Titus James, appellee. The Circuit Court for Montgomery County granted the motion and the State has appealed. The State contends that the trial court misapplied the law relating to the permissible scope of the search of the automobile and erred in granting James's motion to suppress.

The State argues that the search in this case would be valid as a warrantless search under either of two theories: an automobile search or a search incident to a lawful arrest. We shall hold that the search was permissible and that the evidence was erroneously excluded under the automobile exception. Therefore, we need not address whether the search was permissible as a search incident to a lawful arrest.

## FACTS

James was stopped for a traffic violation; the car he was driving bore no front license tag. The evidence showed that, when James opened the driver's side window, smoke rolled out and the officers smelled marijuana. The officers requested that James and his companion exit the car. The officers proceeded to conduct an initial cursory search and discovered marijuana "roaches" in the open ashtray. Another officer arrived at the scene and proceeded to do a more thorough search. He noticed what appeared to be a piece of paper sticking out of the front right kick panel.[1] He grasped this piece of paper and pulled it out of the kick panel, which apparently was loose. The piece of paper turned out to be a white Hardee's bag containing "crack" cocaine. The officer found within the same kick panel a loaded .380 automatic handgun.

James was arrested and charged in the District Court with several controlled dangerous substance violations and weapons violations. On February 9, 1990, an indictment was filed in the Circuit Court for Montgomery County. James was charged as follows:

First Count: Possession With Intent to Distribute Controlled Dangerous Substance (Md.Code Ann. Art. 27, § 286);

---

1. The panel adjacent to a passenger's right foot.

Second Count: Transport of a Firearm in Relation to a Drug Trafficking Crime (Md.Code Ann. Art. 27, § 281A(b));

Third Count: Transporting a Handgun by Vehicle (Md. Code Ann. Art. 27, § 36B);

Fourth Count: Bringing Controlled Dangerous Substance Into the State (Md.Code Ann. Art. 27, § 286A);

Fifth Count: Possession of Controlled Dangerous Substance (Md.Code Ann. Art. 27, § 287(a));

Sixth Count: Conspiracy to Distribute Controlled Dangerous Substance (Common Law).

James filed several motions, including a motion to suppress the evidence recovered from the car. On September 20, 1990, a hearing was held and the trial court granted the motion to suppress. The State has appealed pursuant to Md.Cts. & Jud.Proc.Code Ann. § 12–302(c)(3) (1974, 1989 Repl.Vol.). By Per Curiam Order dated March 8, 1991, we reversed the order granting the motion to suppress. We now give our reasons for that determination.

## STATE'S RIGHT TO APPEAL

The State's right to appeal from the granting of a motion to suppress evidence is a relatively recent development. In the interest of clarity, we shall examine the State's right to appeal in this situation.

In Maryland, an appellate court has jurisdiction only where the power to review a case has been granted by the Legislature. *Lohss v. State*, 272 Md. 113, 116, 321 A.2d 534 (1974). By statute, a defendant ordinarily has the absolute right to appeal to this Court from any final judgment of a circuit court in a criminal case, provided he or she complies with certain procedural requirements. *Wilson v. State*, 284 Md. 664, 669, 399 A.2d 256, *aff'd in part, rev'd in part on remand*, 44 Md.App. 1, 408 A.2d 102 (1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1858, 64 L.Ed.2d 275 (1980). The State, however, has a much more limited right of appeal.

Under common law, the State had no right to appellate review of the granting of a motion to suppress illegally seized evidence. *Lohss,* 272 Md. at 117, 321 A.2d 534. In 1957, the Legislature codified the State's right to appeal in certain criminal cases at Art. 5, § 14. That statute provided that the State could appeal a final order or judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment or inquisition in a criminal action. Md.Code Ann. Art. 5, § 14 (1957). Article 5, § 14 was recodified as § 12–302(c) of the Courts and Judicial Proceedings Article without substantive change in 1973. In 1976, that section was amended to provide the State the right to appeal from a final judgment where the trial judge failed to impose the sentence specifically mandated by the Code, as well as from a dismissal. Md.Cts. & Jud.Proc.Code Ann. § 12–302(c) (1974, 1979 Cum.Supp.).

In 1982, the Legislature granted the State a limited right to appeal the granting of a motion to suppress evidence. The decision to exclude evidence offered by the State could be reviewed by the appellate courts if the case involved a crime of violence. Md.Cts. & Jud.Proc.Code Ann. § 12–302(c)(3) (1974, 1980 Repl.Vol., 1983 Cum.Supp.). That provision required that the appeal be taken before jeopardy attached. § 12–302(c)(3)(ii). It also required that the State certify that the appeal was not taken for purposes of delay and that the evidence excluded is substantial proof of a material fact. § 12–302(c)(3)(iii).

■ The present form of this statute is the result of amendments in 1984 and 1989. The statute now provides, in pertinent part:

"[c](3)(i) In a case involving a crime of violence as defined in § 643B of Article 27, and in cases under §§ 286 and 286A of Article 27,[2] the State may appeal from a

---

**2.** Article 27, § 286 prohibits the manufacture, distribution, possession or counterfeiting of controlled dangerous substances and other activities associated with drug trafficking such as common nuisance. Arti-

decision of a trial court that excludes evidence offered by the State or requires the return of property alleged to have been seized in violation of the Constitution of the United States, the Constitution of Maryland, or the Maryland Declaration of Rights.

"(ii) The appeal shall be made before jeopardy attaches to the defendant. However, in all cases the appeal shall be taken no more than 15 days after the decision has been rendered and shall be diligently prosecuted.

"(iii) Before taking the appeal, the State shall certify to the court that the appeal is not taken for purposes of delay and that the evidence excluded or the property required to be returned is substantial proof of a material fact in the proceeding. The appeal shall be heard and the decision rendered within 120 days of the time that the record on appeal is filed in the appellate court. Otherwise, the decision of the trial court shall be final."

Md.Cts. & Jud.Proc.Code Ann. § 12–302(c)(3) (1974, 1989 Repl.Vol.) (footnote added).

James was charged with violations of both Art. 27, § 286 and Art. 27, § 286A. On September 24, 1990, four days after the motion to suppress was granted, the State filed a notice of appeal. It certified that the appeal was not taken for purposes of delay and that the evidence suppressed is substantial proof of a material fact. The requirements of § 12–302(c) having been strictly followed, we hold that we have jurisdiction to hear the State's appeal.

## EXCLUSION OF EVIDENCE

The State contends that the evidence seized was a product of a permissible search and, therefore, the trial court erred in granting James's motion to suppress. We note that, given probable cause to believe that an automo-

---

cle 27, § 286A prohibits transporting controlled dangerous substances into the State in excess of specified amounts.

bile is transporting contraband, a warrantless search of an automobile is not unreasonable within the meaning of the Fourth Amendment. *Carroll v. United States*, 267 U.S. 132, 149, 45 S.Ct. 280, 283, 69 L.Ed. 543 (1925). The "automobile exception" is recognized because automobiles can be moved quickly, thus creating exigent circumstances. *California v. Carney*, 471 U.S. 386, 390, 105 S.Ct. 2066, 2068, 85 L.Ed.2d 406 (1985). In addition, the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office. *South Dakota v. Opperman*, 428 U.S. 364, 367, 96 S.Ct. 3092, 3096, 49 L.Ed.2d 1000 (1976).

 The trial court, while finding that the officers had probable cause based on the odor of marijuana and the discovery of marijuana "roaches," found that this evidence permitted only a limited search of the automobile, such as a cursory visual search. While the standard for probable cause varies with each occurrence, the experience of a police officer is taken into account in determining whether the officer could reasonably believe that the automobile will contain contraband. *United States v. Edwards*, 577 F.2d 883, 895 (5th Cir.) (en banc), *cert. denied*, 439 U.S. 968, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978). Thus, the Court in *United States v. Shaw*, 701 F.2d 367, 376, *rehearing denied*, 714 F.2d 544 (5th Cir.1983), *cert. denied*, 465 U.S. 1067, 104 S.Ct. 1419, 79 L.Ed.2d 744 (1984), stated that probable cause includes the "sum total of layers of information and the synthesis of what police have heard, what they know, and what they observed as trained officers," quoting *Edwards*, 577 F.2d at 895.

The Court concluded in *United States v. Orozco*, 715 F.2d 158, 160 (5th Cir.1983), that, because police officers observed marijuana and drug paraphernalia when the defendant opened the glove compartment and because the license plate on the automobile did not match the vehicle registration, the police had probable cause to search the trunk of the car for more contraband. The officers in the instant case had probable cause based on their ability to detect the

odor of a controlled dangerous substance emanating from the car and based on the discovery of marijuana "roaches" during their initial cursory inspection. The combination of these factors was the justification for a more extensive automobile search without a warrant. We hold that the police officers had probable cause to believe that more contraband existed in the automobile.

The scope of a warrantless search "is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross,* 456 U.S. 798, 824, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982); *Herod v. State,* 311 Md. 288, 298, 534 A.2d 362 (1987). In *Ross,* the Supreme Court elaborated on the permissible scope of an automobile search when probable cause exists to search a lawfully stopped automobile. A search of every part of the automobile, including containers within it that may conceal the object of the search, is permitted. *Ross,* 456 U.S. at 823–24, 102 S.Ct. at 2172–73. Moreover, if it is reasonable to look into a concealed compartment, it would also be reasonable to open a paper bag within it. *Ross,* 456 U.S. at 818, 102 S.Ct. at 2169. The search, if based on probable cause, is permitted to be as extensive as if the search was based on a warrant particularizing the object of the search. *Ross,* 456 U.S. at 823, 102 S.Ct. at 2172.

The scope of the search in this case is not limited solely to a visual inspection, but also includes inspection of compartments and containers where the object of the search, *i.e.,* controlled dangerous substances, may be found. While a kick panel of a car is usually not a conventional storage facility, the officer, upon observing a piece of paper sticking out of the loose kick panel, properly pursued a search of the area behind the kick panel. The officer had probable cause at that point to believe the kick panel could conceal drugs and related paraphernalia.

Moreover, after pulling the Hardee's bag out of the kick panel, the officer was justified in searching the bag. Thus,

the police officers were allowed to search the kick panel, retrieve the Hardee's bag and gun out of the kick panel, and search the contents of the bag. *Ross*, 456 U.S. at 818, 102 S.Ct. at 2169.

Given that the officers had probable cause to believe that the kick panel contained contraband, the search did not exceed its permitted bounds. The trial court erred in ruling to the contrary and in granting the motion to suppress the evidence seized. For the above reasons, we issued our Per Curiam Order of March 8, 1991, reversing the order of the trial court.