600 A.2d 1165

**STATE of Maryland**

v.

John W. WALLS.

No. 458, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Feb. 3, 1992.

Robert J. Bittman, Asst. State's Atty. (Frank R. Weathersbee, State's Atty. for Anne Arundel County and Gerald K. Anders, Deputy State's Atty., on the brief) Annapolis, for appellant.

No brief or appearance by appellee's counsel.

Argued before BLOOM, ROSALYN B. BELL and FISCHER, JJ.

ROSALYN B. BELL, Judge.

On October 17, 1988, Anne Arundel County police officers arrested appellee John W. Walls for suspected violations of the controlled dangerous substance provisions of Md.Code Ann., Art. 27, §§ 276–302 (1957, 1987 Repl.Vol., 1991 Cum. Supp.). At the time they arrested Walls, police officers seized $1,680 in cash from him. Walls was charged with possession of cocaine with intent to distribute, simple possession, and conspiracy to violate the controlled dangerous substance laws. After Walls waived a jury trial, the trial judge found him not guilty of possession with intent to distribute and possession, but found him guilty of conspiracy. With respect to the cash seized from Walls at the time of his arrest, the trial judge specifically credited a witness for Walls who testified that she had paid Walls $1,680 for a refurbished pool table the day before he was arrested.[1]

---

[1]. With respect to the money seized from Walls, the trial judge stated:
"Now, the Defendant's story is that he got the $1,680 from the sale of a pool table, and I have no doubt about that. That that woman came in here, a pool table was sold, he had the money in his pocket to prove it. When he's asked, 'What's this money?' He says, 'It's from pool.' He didn't have time to think up a story like that. I mean, that went down right away. He was asked and he gave an

The trial judge sentenced Walls to a two-year prison term, of which all but 60 days was suspended, and two years of supervised probation. Walls appealed his conviction to this Court. We affirmed in an unreported *per curiam* opinion, *Walls v. State,* No. 1750, September Term 1989, filed 6–28–90.

Up to this point, Walls's case was a simple and uncomplicated criminal case. But there remained the question of the money seized from Walls by the Anne Arundel County police department. Under Md.Code Ann., Art. 27, § 297(d)(2), Anne Arundel County was required to file a forfeiture petition within 90 days of "final disposition" of the criminal proceedings. For reasons unknown, Anne Arundel County made no such filing in this case. From this point on, what should have been a relatively simple case became a nightmare of procedural missteps and errors by everyone involved.

Article 27, § 297(d)(3)(i) provides:

"If proceedings relating to money or currency are not instituted by the State or a political subdivision within the 90–day period, the money or currency seized under this section, upon petition by the defendant, shall be returned to the defendant."

Section 297(d)(3)(i) does not define whether the "petition by the defendant" need be filed in a separate civil case, or may be filed in the criminal case. Believing that the criminal court had jurisdiction over his petition, and apparently seeking to place the petition before the same trial judge who believed his alibi as to the money once before, Walls, on January 24, 1991, filed his petition for return of the money in the criminal case.

---

explanation for it. And I have no question whatsoever that that sixteen hundred and change came from the sale of a pool table the day before. I have no problem with that.

\* \* \* \* \* \*

"Okay, well you know my feelings at least as to the 1680. I think if there's any attempt to forfeit that, the State can make whatever effort they want, but I don't think that would fly very well."

Article 27, § 297(b)(6) provides that title to money or currency seized as the result of a drug arrest shall *immediately* vest in the jurisdiction in which the money or currency was seized. Thus, at the time Walls filed his petition, Anne Arundel County had possession and title of the money seized from Walls. Nevertheless, Walls provided no notice of his petition to County officials.

In response to Walls's petition, the State filed a written response in which it asserted several defenses. First, it argued that the statute of limitations barred Walls's petition. Second, it argued that Anne Arundel County was a necessary party to the proceedings over the seized money. Third, the State argued that Walls's petition was barred because Anne Arundel County had released the money to the federal government for federal forfeiture proceedings. Fourth, the State argued that the criminal court did not have jurisdiction to hear Walls's petition because forfeiture is a civil matter.

On February 25, 1991, the parties appeared for a hearing in the Circuit Court for Anne Arundel County, before the same trial judge who heard Walls's criminal charges. The State concentrated its argument on its contention that Anne Arundel County no longer had the money because it had released the funds to the federal government, failing to address either the notice or jurisdiction issues raised in its written response to Walls's petition.

The trial judge found as a fact that there was no evidence upon which Anne Arundel County could have legally turned over the money seized from Walls to the federal government. At the completion of the hearing, implicitly ruling that the criminal court had jurisdiction over the subject matter of the petition, the trial judge ruled that Walls was entitled to the return of his money.

The State has appealed the trial court's judgment in favor of Walls, contending solely that the criminal court did not have jurisdiction to hear Walls's petition for return of the seized money. Despite this contention, the State based its

right to appeal on Md.Cts. & Jud.Proc.Code Ann., § 12–302(c) (1974, 1989 Repl.Vol.), which provides the State a right of appeal in certain *criminal* cases.

Rule 8–502(a)(1) requires that an appellant's brief be filed within 40 days following filing of the record. The record in this case was filed on May 24, 1991. The State's brief was not filed until July 30, 1991, 67 days later. Rule 8–504(a)(4) requires that the parties make reference to specific pages of the record extract or transcript in making their assertions. There are no such page references in the State's brief. Rule 8–504(b) requires that an appellant in a criminal case file an appendix containing pertinent portions of the trial judge's instructions or opinion "that deals with points raised by the appellant on appeal." The State's brief contains no appendix. Rule 1–323 requires that any pleading in a Maryland court be accompanied by a certificate of service. No certificate of service appears in either the briefs or the record.

 Under normal circumstances, resolution of this tangled procedural web would be relatively straightforward. The State's conduct in this case would be dispositive, in that it constitutes waiver. Under the circumstances of this case, however, where the issue is one of subject matter jurisdiction, waiver does not apply. *Jones v. Jones*, 259 Md. 336, 342, 270 A.2d 126 (1970). Jurisdiction over the subject matter cannot be conferred by consent of the parties, and may be raised for the first time by either party on appeal, or by the reviewing court *sua sponte*. *Harford County v. Schultz*, 280 Md. 77, 80, 371 A.2d 428 (1977); *State v. McCray*, 267 Md. 111, 126, 297 A.2d 265 (1972); *Mayor of Annapolis v. Hartge*, 38 Md.App. 629, 633–634, 382 A.2d 345 (1978).

 Despite the errors committed by the State at virtually every level of this case, we agree with its argument that the criminal court was without jurisdiction to hear Walls's petition for return of his money. It has long been held that forfeiture is a civil *in rem* proceeding against

property, unconnected with any criminal proceedings against the owner or holder of the property. *State v. One 1980 Harley Davidson Motorcycle VIN # 9G3593950*, 303 Md. 154, 160 n. 5, 492 A.2d 896 (1985); *Director of Finance, Prince George's County v. Cole*, 296 Md. 607, 620, 465 A.2d 450 (1983) [2]; *Gatewood v. State*, 264 Md. 301, 304–305, 285 A.2d 623 (1972); *State v. Greer*, 263 Md. 692, 694, 284 A.2d 233 (1971); *Prince George's County v. Blue Bird Cab Co.*, 263 Md. 655, 659, 284 A.2d 203 (1971); *One 1983 Chevrolet Van Serial No. IGCCG15D8D104615 v. State*, 67 Md.App. 485, 488, 508 A.2d 503, *aff'd*, 309 Md. 327, 524 A.2d 51 (1987); *Allied Bail Bonds v. State*, 66 Md.App. 754, 756, 505 A.2d 918 (1986); *One 1983 Toyota v. State*, 63 Md.App. 208, 209, 492 A.2d 643, *cert. denied*, 304 Md. 299, 498 A.2d 1185 (1985).

Both *Greer* and *Gatewood* are of particular significance here. Greer was arrested and charged with violating the controlled dangerous substance laws, and his mother's car was impounded. Mrs. Greer filed an *ex parte* motion, in her son's criminal case, for return of the car. The trial court granted the motion. *Greer*, 263 Md. at 693–694, 284 A.2d 233. In reversing the trial court's order, the Court of Appeals set forth three reasons for its decision, at least two of which are applicable in this case. First, the Court of Appeals held that "[f]orfeiture, unless specifically provided otherwise by statute, is a civil in rem proceeding, separate from any criminal action and it is of little significance whether there is a criminal conviction." Because Walls's basis for return of the money seized from him was Art. 27, § 297(d)(3)(ii), and because § 297 sets forth the statutory scheme for forfeitures, it is clear that Walls's petition in this case should have been filed in a separate civil proceeding.

---

**2.** Judge Cole's opinion for the Court of Appeals provides an excellent treatment of the history of forfeitures, and the distinction between criminal prosecutions and forfeiture proceedings. *Cole*, 296 Md. at 616–621, 465 A.2d 450.

The second point raised by the Court of Appeals in *Greer* is also applicable here:

"The second ground whence error springs concerns naming the State of Maryland as the sole respondent in this controversy. Article 27, § 297(c) [with respect to money or currency, now Art. 27, § 297(b)(6)] provides that: 'Property taken or detained under this section shall be deemed to be in the custody of the *person who seized* said property ...' (emphasis added). This is amplified in § (d) which states: 'Whenever property is forfeited under this subheading, the political subdivision in which such property was seized, or, if the property was seized by State authorities, the State may ...' dispose of it according to the provisions of the statute. Here, the Montgomery County Police seized the car and according to the statute the County, not the State, has custody of that vehicle and authority to control its disposition. Montgomery County therefore is the only necessary party to this action."

*Greer*, 263 Md. at 694, 284 A.2d 233. Similarly, in this case, the necessary party was Anne Arundel County, whose police officers seized the money from Walls when they arrested him on the drug charges. In his petition, Walls did not name Anne Arundel County as a respondent, nor did he provide notice to the County.

In *Gatewood*, the Court of Appeals, relying on *Greer* and *Blue Bird Cab, supra,* held that the criminal court lacked jurisdiction to decide forfeiture issues:

"Here, the Criminal Court of Baltimore, which by constitutional authority is not a civil court (Art. IV, §§ 27 and 30), decided both the criminal action against Gatewood and the forfeiture of the money, a civil question. All the hearings which pertain to the forfeiture conducted in the Criminal Court and any resulting decisions are void since that court lacked proper statutory jurisdiction over the subject matter."

*Gatewood*, 264 Md. at 305, 285 A.2d 623. The Court of Appeals specifically rejected the argument, made by Gate-

wood, that "unless forfeiture is specifically reserved by statutory mandate for civil courts, then criminal courts have jurisdiction." *Gatewood*, 264 Md. at 305, 285 A.2d 623. Taken together, therefore, *Greer* and *Gatewood* clearly establish that the Circuit Court for Anne Arundel County, sitting as a criminal court, had no jurisdiction to hear Walls's petition for return of money. Such a petition, authorized by Art. 27, § 297, a forfeiture statute, must be filed in a civil proceeding separate and distinct from any criminal proceedings.

█ Because of the numerous errors and mistakes made in this case by both Walls and the State, we will take the opportunity to explicate four issues raised by the State's actions in this case. First, although the State argues that the criminal court had no jurisdiction over Walls's petition, its actions in this case are inconsistent with that assertion. In its notice of appeal, the State based its right to appeal on Md.Cts. & Jud.Proc.Code, § 12–302(c)(3)(i), which reads as follows:

"(c) In a criminal case, the State may appeal as provided in this subsection.

 * * * * * *

"(3)(i) In a case involving a crime of violence as defined in § 643B of Article 27, and in cases under §§ 286 and 286A of Article 27, the State may appeal from a decision of a trial court that excludes evidence offered by the State or requires the return of property alleged to have been seized in violation of the Constitution of the United States, the Constitution of Maryland, or the Maryland Declaration of Rights." [3]

---

**3.** This provision is one of the specifically enumerated exceptions to the general rule that the State may not appeal in criminal cases. Prior to 1982, the State could only appeal from the dismissal of an indictment or charging document. Md.Cts. & Jud.Proc.Code Ann., § 12–302(c) (1974); Md.Code Ann., Art. 5, § 14 (1957). In interpreting § 14, this Court held that the State had no right to appeal the granting of a motion to suppress. *State v. Mather*, 7 Md.App. 549, 552, 256 A.2d 532 (1969). The final judgment rule, however, often

The State's reliance on § 12–302 as the basis for its appeal is fundamentally misplaced, primarily because § 12–302(c) clearly addresses the State's right to appeal from *pretrial* rulings suppressing or returning evidence: "[t]he appeal shall be made before jeopardy attaches to the defendant." § 12–302(c)(3)(ii). In this case, the judgment appealed from occurred well after the trial was completed. In addition, the judgment in favor of Walls in this case is clearly final, and is therefore properly appealable under § 12–301.[4] Thus, the State's reliance on § 12–302 as the basis for its appeal in this case is in error.[5]

---

obviated any appeal by the State in criminal cases because, if the final judgment was an acquittal, principles of double jeopardy preclude any appeal from a judgment of acquittal. *State v. Adams,* 196 Md. 341, 347–349, 76 A.2d 575 (1950); *State v. King,* 124 Md. 491, 496, 92 A. 1041 (1915); *State v. Monroe,* 82 Md.App. 65, 67, 570 A.2d 338, *cert. denied* 320 Md. 16, 575 A.2d 743 (1990).

In *Adams* and *Mather,* the Court of Appeals and this Court invited the Legislature to amend the law, if it so desired, to include a broader right of appeal for the State in criminal cases. Not until 1982, however, did the Legislature accept the invitation, by amending § 12–302(c) to provide the State a right of appeal from the grant of a motion to suppress or an order to return seized property. This right has traditionally been exercised in the context of a successful motion to suppress. *See, e.g., State v. Clownley,* 87 Md.App. 48, 589 A.2d 86 (1991); *State v. James,* 87 Md.App. 39, 589 A.2d 81 (1991). By its terms, however, § 12–302(c)(3)(i) also gives the State the right to appeal from a judgment ordering the return of seized property, which, in context, we construe to mean an order entered in connection with the suppression of that property as evidence.

4. Section 12–301 provides:
 "Except as provided in § 12–302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended."

5. Although we are holding that, in this case, the State's use of § 12–302 to support its right to appeal was in error, there are other factual circumstances in which the trial judge, in a criminal case, would have jurisdiction to order the return of seized property. For example, if a trial judge ordered that certain evidence be suppressed, in a pretrial ruling, and that evidence was in the custody of the State, a trial judge, per § 12–302, could order the property returned to its owner. In such

Our second point relates to the position taken by the State in the trial court. The State argued that Anne Arundel County officials turned the money seized from Walls over to the federal government for federal forfeiture proceedings. The State's argument, utterly unsupported by any evidence, was that the Anne Arundel County police officers, who participated in the operation leading to Walls's arrest, were working in conjunction with federal officers. We find no authority that would allow a local Maryland jurisdiction to hand over money seized in a local police arrest to another sovereign, without notice to the owner. In the trial court, the State admitted that no forfeiture proceeding was commenced by either the State *or* Anne Arundel County within the 90–day period required by § 297(d)(3)(i). If this is true, Anne Arundel County waived its right to seek forfeiture of the $1,680, and Walls, upon the filing of a proper forfeiture proceeding consistent with this opinion, is unconditionally entitled to the return of his money from the County. § 297(d)(3)(ii). On the facts presented in this case, we see no other available defenses that would allow the County to escape liability for the return of Walls's money.

Our third point relates to an issue raised by the State at oral argument. The State asserted that, in forfeiture cases involving money or currency, neither it nor any political subdivision had any burden at all to initiate forfeiture proceedings. This assertion is simply not tenable; it is flatly contradicted by the plain language of Art. 27, § 297(d)(2). Furthermore, this Court has previously construed § 297(d)(2) in this fashion. *Director of Finance v. Lapenotiere*, 77 Md.App. 372, 374, 550 A.2d 433 (1988).

Our final point relates to the procedural defects in

---

a case, § 12–302 would also give the State the right to appeal that ruling.

the State's actions in prosecuting this appeal.[6] The State's brief was filed late, no certificate of service appears in the record, no appendix was filed, and the brief contains no page citations. Any one of these points constitutes the basis for dismissal of the appeal. Such an action, however, is discretionary on our part. While we would usually find such glaring omissions to constitute grounds for dismissal, we will exercise our discretion not to do so in this case. This decision results, not from any sympathy to the State, but from two other reasons. First, dismissal of the appeal would result in Walls having a judgment which would be subject to immediate collateral attack by Anne Arundel County, which, as the necessary party to this case, received no notice. Second, because the criminal court in fact had no jurisdiction to hear Walls's petition in this case, dismissal on our part would uphold a judgment which the trial court did not have power to make.

We are concerned that an agency of the State should be more cognizant of the rules of procedure. In view of the State's failure to adhere to the rules, we will assess the costs of this action against Anne Arundel County.

JUDGMENT VACATED.

CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.

---

6. We note that the appeal in this case was not made by the Attorney General's office, as is the usual practice, but by the State's Attorney for Anne Arundel County.