492 A.2d 643

**ONE (1) MOTOR VEHICLE TO WIT: 1983 TOYOTA**

v.

**STATE of Maryland.**

**No. 1202, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 15, 1985.

Jack B. Rubin, Baltimore (Walker, Rubin and Van Bavel, P.A., Baltimore, on the brief), for appellant.

Ann E. Singleton, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Attorney for Baltimore City and Evelyn O. Darden, Asst. State's Atty. for Baltimore City, Baltimore, on the brief), for appellee.

Argued before GILBERT, C.J., and ROSALYN B. BELL and KARWACKI, JJ.

GILBERT, Chief Judge.

■ A forfeiture proceeding is an action *in rem, i.e.,* against the thing. It is civil in nature for the obvious reason that "the thing" cannot commit a crime. *Director of Finance v. Cole,* 296 Md. 607, 618–19, 465 A.2d 450, 457 (1983); *Prince George's County v. Blue Bird Cab Co.,* 263 Md. 655, 658–59, 284 A.2d 203, 204–205 (1971).

In the instant case, "the thing" was a 1983 Toyota automobile having a value of approximately $16,000. The vehicle was seized by the State after a controlled dangerous substance, to wit, marijuana, having a street value of $5.00,

was found in the vehicle. Questions of the propriety of the search—the familial relationship between the operator and the owner of the car, violations of the exclusionary rule, and the right *vel non* to a jury trial—will not be addressed because we shall dismiss the appeal without ever reaching its merits.

Md.Rule 1028 provides that in civil cases the appellant shall print a record extract. Md.Rule 1028 a. That extract shall contain "such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal...." Md.Rule 1028 b.

■ The appellant, One (1) Motor Vehicle To Wit: 1983 Toyota, has not furnished us with any record extract whatsoever. Hence, there is nothing for us to review: no testimony, no evidence, no pleading, no ruling by the trial court, no judgment. The appeal has been improperly pursued and is dismissed because of the appellant's total failure to adhere to the strictures of Md.Rule 1028. Md.Rule 1028 i 1.

APPEAL DISMISSED.

COSTS TO BE PAID BY APPELLANT.