505 A.2d 918

**ALLIED BAIL BONDS**

v.

**STATE of Maryland.**

**No. 894, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

March 13, 1986.

Tasha Panarities (Crawford, Kane & Pichini, Rockville), on brief, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. and Louis S. Lear, Asst. State's Atty. for Montgomery County), on brief, for appellee.

Submitted before GILBERT, C.J., and WILNER, and ADKINS, JJ.

GILBERT, Chief Judge.

This Court in *One 1983 Toyota v. State*, 63 Md.App. 208, 492 A.2d 643 (1985), dismissed an appeal because of the failure of the appellant to comply with Md. Rule 1028, *i.e.*, to provide a record extract. The Court noted that a forfeiture proceeding is civil in nature. It is, we said, an action *in rem* (against the "thing"). We were concerned in *One 1983 Toyota* that attorneys were being led astray by the captioning of the forfeiture action, and we published *One 1983 Toyota* in order to focus a procedural beacon on forfeiture claims.

*One 1983 Toyota* involved a vehicle having a value of approximately $16,000. The car was seized by the State after a small amount of a controlled dangerous substance was found in the automobile. We did not consider the propriety of the seizure of the Toyota because no record extract was furnished. Md. Rule 1028b, we observed, mandates that in civil cases the record extract shall contain "such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal." The effect of a failure to comply with Rule 1028b, simply stated, is: no sufficient record extract, no review.

It is almost, but not quite, with a sense of *déjà vu* that we examine the instant case. Here the "thing" is not a Toyota but a bail bond. There the dissimilarity ends because, but for the nomenclature of the "thing" involved, we travel the path we trod in *One 1983 Toyota*.

On behalf of Timothy Wiggins, Allied Bail Bonds posted a bail bond in the penalty sum of $25,000. Wiggins had been indicted by the Grand Jury for Montgomery County for breaking and entering a dwelling during the daytime (Md. Ann.Code art. 27, § 30b) and for theft of goods having a value of less than $300.00 (Md.Ann.Code art. 27, § 342).

Because of charges pending in Washington, D.C., Wiggins's defense counsel sought and obtained a continuance of the case. On December 28, 1984, when the housebreaking and theft charges were called for trial before Judge Irma Raker in the Circuit Court for Montgomery County, Wiggins failed to appear. The bond was ordered forfeited.

According to Allied, judgment *nisi* on the forfeiture was entered on January 7, 1985. Approximately ninety days later a judgment absolute in the amount of $25,000 was entered in favor of the State and against Allied. We were informed by Allied that on June 28, 1985, its bondsman, Glen Doyle Prather, filed a "Petition to Strike Bond Forfeiture," claiming that Wiggins, although released by Prince George's County authorities to Montgomery County, was, nevertheless, taken by "United States Marshalls to the District of Columbia."

Notwithstanding that assertion, the circuit court refused to strike the forfeiture, even though the State had filed an answer in which it said that "the State has no objection to the Petition to Strike Bond Forfeiture."

In this Court Allied advances a threefold argument.
1. The circuit court "exercised arbitrary discretion" in denying the petition to strike the forfeiture.
2. There were reasonable grounds for striking the forfeiture.
3. "It is against the public policy ... to require that bail bondsmen absolutely insure the appearance of a defendant in court."

■ As interesting as those questions may be, the answers must await another day. Allied overlooked the fact that a forfeiture is a *civil in rem* proceeding. It is not a criminal case despite the fact that it may arise like a phoenix from the ashes of a criminal matter.

■ Allied's overlooking that a forfeiture is a civil *in rem* action resulted in its failure to submit a record extract

along with the appeal brief. There is, consequently, nothing for us to review.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.