617 A.2d 638

Delores WIEGAND

v.

Honorable John S. LANDBECK.

No. 1913, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Jan. 4, 1993.

Robert A. Diem, Bel Air, for appellant.

Alexander Wright, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief) Baltimore, for appellee.

Argued before BISHOP, GARRITY, and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

Delores Wiegand, appellant, filed a "Complaint for Writ of Mandamus" in the Circuit Court for Harford County, seeking to have District Court Judge John S. Landbeck, appellee, (1) issue a bench warrant for the arrest of Jeffrey Reed Sartwell, a defendant in a District Court case, for failure to appear; and (2) to extend the time for producing Sartwell for a 90–day period. Landbeck filed a motion to dismiss with memorandum, which was granted. Wiegand, the bondsperson for Sartwell, then filed this appeal, contending:

—Maryland Rule 4–217(i) mandates that a bench warrant be issued for a defendant's arrest when the defendant

failed to appear in court in response to a Natural Resources citation; and

—the circuit court judge erred in denying the writ of mandamus; and

—the circuit court erred in denying Wiegand's motion to "Extend the Period for Satisfaction" to produce Sartwell.

Finding no error, we affirm and explain.

## THE FACTS

On August 6, 1988, Sartwell received a Natural Resources citation for possession of an alcoholic beverage in a prohibited area. He was scheduled to appear at a hearing on September 28, 1988. Sartwell did not appear and, on October 26, 1988, a bench warrant was issued in the District Court for his arrest for "failing to appear." The pre-set collateral was $150. This included the original fine of $40 for possession of an alcoholic beverage, a $100 fine for failure to appear, and court costs of $10.

On March 26, 1989, Sartwell was arrested and posted a bond for $150. Sartwell was again subpoenaed by the District Court to appear in court on May 17, 1989 at 9:30 a.m. Again, he failed to appear. On June 6, 1989, another bench warrant was issued for his arrest and the pre-set collateral was set at $300. Sartwell appeared and, after posting the money, was released. The $300 was posted by Wiegand as a surety. The District Court subpoenaed Sartwell to appear in court on February 20, 1991 and, as perhaps might be expected, Sartwell did not appear. The Court forfeited the collateral and Wiegand, as the surety on Sartwell's bond, was given notice of that forfeiture.

On May 21, 1991, Wiegand filed a petition to extend writ of satisfaction, stating that Sartwell had fled the area and she needed additional time to locate and return him to court. The judge denied the petition because "[t]his was a forfei-

ture in satisfaction of [a] fine."[1]  Wiegand then filed the Complaint for Writ of Mandamus in the circuit court, which was denied on November 19, 1991. Wiegand appeals from the denial of the writ of mandamus.

## NATURAL RESOURCES CITATION

Sartwell received a Natural Resources citation for possession of an alcoholic beverage in a prohibited area. *See* COMAR 08.07.06.19(B)(2) (1984). He was prosecuted pursuant to Md.Nat.Res.Code Ann. § 1–205 (1974, 1989 Repl. Vol.).[2]

---

1. We are referred to no authority for this practice.
2. Section 1–205 provides:

"(a) *Officers may issue citations.*—If a Natural Resources police officer apprehends a person for violating any law punishable as a misdemeanor the officer may prepare and sign a written citation containing a notice to appear in court, the name and address of the person charged, appropriate license numbers, if any, the offense charged, the time and place the person shall appear in court, and other pertinent information required by the Secretary.

"(b) *Written promise to appear.*—The person charged may give his written promise to appear in court by signing the citation prepared by the officer.  In this event, the officer is not required to take the person into physical custody for the violation unless the person charged does not furnish satisfactory evidence of identity or the officer has reasonable grounds to believe the person charged will disregard a written promise to appear.

"(c) *Failure to appear.*—A person may not violate his written promise to appear in court unless sufficient collateral for the offense is posted, the fine is paid in advance of trial, or the person is represented by counsel in court.

"(d) *Warrant for arrest or failure to appear.*—(1) If a person fails to comply with the notice to appear in a citation issued under this section, the court may:

"(i) Except as provided in paragraph (4) of this subsection, issue a warrant for the person's arrest; or

"(ii) After 5 days, notify the court's clerk of the person's noncompliance.

"(2) On receipt of notice of noncompliance from the court, the clerk shall notify the person by mail at the address indicated on the citation that a warrant for the person's arrest may be issued by the court unless, by the end of the 15th day after the date on which the notice is mailed, the person:

"(i) Pays the fine on the original charge as provided for in the original citations and a fine of $100 for failing to appear;  or

If a Natural Resources police officer concludes that a person is in violation of the Natural Resources Article, or regulations promulgated by that agency, the officer may issue a citation. § 1–205(a). The person charged may give a written promise to appear in court by signing the citation prepared by the officer. § 1–205(b). A person may not violate that written promise to appear in court unless he or she posts sufficient collateral, pays the fine in advance of trial, or counsel represents the person in court. § 1–205(c). If a person fails to comply with the Notice to Appear and the citation issued under § 1–205(a), the court *may* issue a warrant for the person's arrest. § 1–205(d)(1). Alternatively, the court may notify the person by mail that an arrest warrant may be issued by the court unless the person pays the fine on the original charge and a fine of $100 for failing to appear, or post a bond or penalty deposit and request a new trial date. § 1–205(d)(2).

If a person fails to pay the fine or post a bond or penalty deposit, the court may issue a summons. If the original offense is not punishable by incarceration, a warrant may not be issued for the person until 20 days after the original trial date. § 1–205(d)(4).

Sartwell promised to appear in court on September 28, 1988. He did not. The District Court notified Sartwell that, because of his failure to appear, he had 15 days from the date of the notice either to pay the fine plus the additional sum of $100 for failure to appear, or to request a new trial date. Sartwell was also told that, if he failed to comply with either of the two, the court could issue a warrant for his arrest. The maximum penalty would be $500 or three months in jail. Sartwell did nothing.

---

"(ii) Posts bond or a penalty deposit and requests a new trial date.
"(3) If a person fails to pay the fines or post the bond or penalty deposit under paragraph (2) of this subsection, the court may issue a warrant.
"(4) When the original offense is not punishable by incarceration, a warrant may not be issued for the person under this subsection until 20 days after the original trial date."

A bench warrant was issued for Sartwell's arrest on October 26, 1988 for "failing to appear in this Court on 9/28/88 [or] pay/$150." Sartwell could be released only upon posting a bond in the full penalty amount of $150.

After his arrest, a bond was posted. Sartwell was subpoenaed to appear next on May 17, 1989. He did not appear and a bench warrant was issued on June 6, 1989 for failing to appear on May 17. At this time, upon arrest, Sartwell posted bond in the full penalty amount of $300 with appellant as surety for the bond.

## DENIAL OF THE WRIT OF MANDAMUS

Appellant contends that appellee erred in denying the petition for a writ of mandamus. Appellant argues that a writ of mandamus is used "to compel inferior tribunals, public officials or administrative agencies to perform their function, or perform some particular duty imposed upon them which in its nature is imperative and the performance of which duty the parties applying for the writ has a clear legal right." *Criminal Injuries Compensation Board v. Gould,* 273 Md. 486, 514, 331 A.2d 55 (1975).

A plaintiff seeking a writ of mandamus must establish that a public official has a duty to perform certain acts; that the plaintiff has a right to have those acts performed; and that no other adequate remedy exists by which plaintiff's rights can be vindicated. *University of Maryland v. Cleland,* 504 F.Supp. 351, 354 (D.Md.1980). The writ will not lie if plaintiff has any other remedy, *A.S. Abell Co. v. Sweeney,* 274 Md. 715, 718, 337 A.2d 77 (1975); if the duty to act is discretionary and not merely ministerial, *Maryland Action For Foster Children, Inc. v. State,* 279 Md. 133, 138, 367 A.2d 491 (1977); or if the action is not shown to be arbitrary, capricious or illegal, *Tyler v. Baltimore County,* 251 Md. 420, 425, 247 A.2d 704 (1968), *appeal after remand,* 256 Md. 64, 259 A.2d 307 (1969).

In Maryland, a mandamus action does not lie to control or direct the discretion of a judge. *McCrea v.*

*Roberts*, 89 Md. 238, 245, 43 A. 39 (1899). Here, the decision to issue a bench warrant was discretionary.

Appellant argues in her brief that Rule 4–217(i)—which sets forth the requirements for bond forfeitures—and Md. Code Ann. Art. 27, § 12B (1957, 1992 Repl.Vol.) [3], required that a bench warrant be issued after Sartwell did not appear in court.

Appellant argues in the alternative that the offense upon which the October 26, 1988 bench warrant was issued was for "contempt." Appellant contends that Sartwell was arrested on a "constructive criminal contempt for failing to appear." That is not what the bench warrant states.

In addition, Sartwell was not charged with a felony, or a criminal misdemeanor; hence, his failure to appear was not subject to Art. 27, § 12B. Possession of an alcoholic beverage in a prohibited area is punishable by a $40 fine and not incarceration. Moreover, Md.Code Ann. Art. 27, § 12C(a)(3) (1957, 1992 Repl.Vol.), specifically exempts Natural Resources citations and Sartwell was charged with a citation that falls within the provisions of the Natural Resources Code.

Appellant next argues that § 1–205(d)(4) of the Natural Resources Article is not applicable because the bench warrant was issued more than 20 days after the original trial date. We disagree.

Where the original offense is not punishable by incarceration, § 1–205 explicitly prohibits the issuance of a warrant until 20 days after the original trial date. Section 1–205 also specifies that, once sufficient collateral security is posted, a person may violate the written promise to appear in court if sufficient collateral for the offense is posted.

---

**3.** Article 27, § 12B provides in pertinent part:

"(a) Whenever any person charged with a criminal offense who has been admitted to bail or released on recognizance forfeits the bail or recognizance and willfully fails to surrender himself a bench warrant shall be issued for his arrest."

This is what occurred. Sartwell did not appear, and a $300 bond was posted. The court then forfeited that bond.

Appellant agrees, as she must, that a mandamus action does not lie to control a discretionary decision of a court, *McCrea*, 89 Md. at 245, 43 A. 39. She argues, however, that Art. 27, § 12B and Rule 4-217(i) preclude discretion and require that a bench warrant be issued. As stated previously Art. 27, § 12B and Rule 4-217(i) are not applicable to this Natural Resources citation case. Appellee was not obligated to issue a bench warrant pursuant to § 1-205. Appellee forfeited the collateral as allowed by the applicable statute. Appellant had no clear legal right to the issuance of a bench warrant. Appellee had the discretion to refuse to issue a bench warrant and forfeit the collateral. His exercise of the discretion was not subject to a writ of mandamus.

## MOTION TO EXTEND THE PERIOD
## FOR SATISFACTION

Appellant relies upon Rule 4-217(i) in arguing that the court erred in denying her motion to extend the period for satisfaction. Appellant's reliance is misplaced.

As we stated previously, that Rule only applies to failures to appear arising from violations of Art. 27, § 12B. Appellant contracted to post $300 collateral to insure the appearance of Sartwell in the Natural Resources citation case. If a person fails to comply with the notice to appear, the court may require the person to post bond or a penalty deposit. § 1-205(d). Appellant posted bond of $300. Sartwell did not appear and the court exercised its discretion and forfeited the bond.

A bond forfeiture is a civil *in rem* proceeding, even though forfeiture may arise in criminal matters. *Allied Bail Bonds v. State*, 66 Md.App. 754, 756, 505 A.2d 918 (1986); *One (1) Motor Vehicle to Wit: 1983 Toyota v. State*, 63 Md.App. 208, 209, 492 A.2d 643, *cert. denied*, 304 Md. 299, 498 A.2d 1185 (1985). Appellant had the option of

filing a "Petition to Strike the Bond Forfeiture." Appellant did not exercise that available legal option. Instead, appellant filed a "Motion to Extend Period for Satisfaction." If the Petition to Strike the Bond Forfeiture was unsuccessful at the District Court level, appellant could have appealed to the circuit court. Since appellant had an adequate remedy at law and could have raised it, a writ of mandamus will not lie. *Brown v. Bragunier,* 79 Md. 234, 236, 29 A. 7 (1894).

Appellant argues that she could not have moved to strike the bond forfeiture since she did not have Sartwell to turn in. We disagree. She could have presented her inability to comply with that condition precedent because of the action of the District Court trial judge, and if the trial judge denied her motion, her appeal would have been heard by the circuit court.

We need not and do not reach the question of whether appellant could "pick up" Sartwell once the case was terminated.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.